### BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N v. CUCCIA.*
### No. 8187.

Circuit Court of Appeals, Ninth Circuit.

May 4, 1937.

Louis Ferrari, Edmund Nelson, and Hugo A. Steinmeyer, all of Los Angeles, Cal., for appellant.

Paul Leiter, of Los Angeles, Cal., for appellee.

Before DENMAN and MATHEWS, Circuit Judges, and NETERER, District Judge.

MATHEWS, Circuit Judge.

This appeal is from a restraining order, and from an order refusing to vacate and dissolve the restraining order, in a proceeding under section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203).[1]

Appellee commenced this proceeding on August 4, 1934, by filing his petition praying for relief under subsections (a) to (r), inclusive, of section 75, supra. On January 7, 1935, he filed his amended petition asking to be adjudged a bankrupt, pursuant to subsection (s) of section 75 (Frazier-Lemke

---

[1] Section 75, comprising subsections (a) to (r), inclusive, was added to the Bankruptcy Act by the Act of March 3, 1933, c. 204, § 1, 47 Stat. 1470–1473. Subsections (a) and (b) were amended by the Act of June 7, 1934, c. 424, §§ 8 and 9, 48 Stat. 925. Subsection (s) was added to section 75 by the Frazier-Lemke Act of June 28, 1934, c. 869, 48 Stat. 1289–1291. Subsection (r) was amended by the Act of May 15, 1935, c. 114, § 3, 49 Stat. 246. Subsections (b), (g), (k), (n), (p), and (s) were amended by the new Frazier-Lemke Act, August 28, 1935, c. 792, §§ 1–6, 49 Stat. 942–945.

*Rehearing granted July 1, 1937.

Act of June 28, 1934, c. 869, 48 Stat. 1289–1291), and, on the same day, the court made such order of adjudication.

On May 27, 1935, the Supreme Court, in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, held that subsection (s) of section 75 (Frazier-Lemke Act of June 28, 1934) was unconstitutional. On August 28, 1935, subsection (s) of section 75 was amended by the new Frazier-Lemke Act, c. 792, § 6, 49 Stat. 943–945 (11 U.S.C. A. § 203(s) (5). Paragraph 5 of subsection (s), as amended, provides: "This Act [title] [meaning, of course, the Bankruptcy Act, including section 75 and all subsections thereof and all amendments thereto, including the present amendment] shall be held to apply to all existing cases now pending in any Federal court, under this Act [title], as well as to future cases; and all cases that have been dismissed by any conciliation commissioner, referee, or court because of the Supreme Court decision holding the former subsection (s) unconstitutional, shall be promptly reinstated, without any additional filing fees or charges."

On October 4, 1935, appellant moved the District Court to dismiss this proceeding, "upon the ground that no composition or extension agreement can be had between [appellee] and his creditors." The District Court granted appellant's motion [2] and dismissed the proceeding on October 14, 1935.

On March 16, 1936, appellee petitioned the District Court for an order permitting appellee to file a new petition under section 75 and restraining appellant from interfering with appellee's possession of property described in the new petition.[3] Thereafter, on March 16, 1936, the court entered such an order and, on the same day, appellee filed his new petition, thereby reinstating the proceeding which had been dismissed. Compare Diller v. Shoemaker (C.C.A.9) 90 F. (2d) 98. The restraining order was merely incidental to such reinstatement. Compare Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 165, 56 S.Ct. 405, 80 L.Ed. 557; In re Harris (C.C.A.9) 78 F.(2d) 849; Holmes v. Davidson (C.C.A.9) 84 F.(2d) 111.

On March 25, 1936, appellant moved the District Court to vacate and dissolve the restraining order. The District Court on March 30, 1936, made an order denying appellant's motion, "without prejudice," and thereafter, on April 8, 1936, made an order purporting to allow this appeal. Allowance by this court was not sought or obtained.

■ This being a bankruptcy proceeding, the orders here sought to be reviewed were not appealable under sections 128(b) and 129 of the Judicial Code, as amended by 43 Stat. 936, 937, § 1 [28 U.S.C.A. §§ 225(b), 227].[4] Sections 128(b) and 129 have no application to bankruptcy proceedings. Bankruptcy appeals are governed by section 128(c) of the Judicial Code, as amended by 43 Stat. 936, § 1 [28 U.S.C.A. § 225(c)],[5] and sections 24 and 25 of the Bankruptcy Act, as amended, 44 Stat. 664, 665 (11 U.S. C.A. §§ 47, 48).[6]

[2] Appellant, in making this motion, and the District Court, in granting it, apparently ignored the fact that appellee had been adjudged a bankrupt under subsection (s), and was no longer seeking composition or extension under subsections (a) to (r), inclusive, of section 75.

[3] Appellant, being the holder of a promissory note secured by a trust deed covering the property in question, obtained foreclosure and purchased the property at foreclosure sale on October 17, 1935, but appellee remained and still remains in possession thereof.

[4] Section 128(b) of the Judicial Code provides that the circuit court of appeals shall have appellate jurisdiction to review the interlocutory orders or decrees specified in section 129. Section 129 provides: "Where, upon a hearing in a district court, . . . an injunction is granted . . . by an interlocutory order or decree, or an application to dissolve . . . an injunction is refused, . . . an appeal may be taken from such interlocutory order or decree to the circuit court of appeals."

[5] Section 128(c) provides: "The circuit courts of appeals shall also have an appellate and supervisory jurisdiction under sections 24 and 25 of the Bankruptcy Act [sections 47 and 48 of Title 11], over all proceedings, controversies, and cases had or brought in the district courts under that Act [Title 11], * * * and shall exercise the same in the manner prescribed in those sections."

[6] Section 24 provides:

"(a) The . . . circuit courts of appeal . . . are [hereby] invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases.

"(b) The several circuit courts of appeal . . . shall have jurisdiction in equity, either interlocutory or final, to

■ The orders here sought to be reviewed were not orders made in a "controversy" arising in bankruptcy and were, therefore, not appealable under section 24(a) of the Bankruptcy Act. They were made in a "proceeding" in bankruptcy, but were not "judgments" appealable under section 25(a) of the Bankruptcy Act. They were not appealable at all, as of right. Section 24 (b) of the Bankruptcy Act empowers this court to review such orders, but provides that such power "shall be exercised by appeal . . . to be allowed in the discretion of the appellate court." The District Court has no jurisdiction to allow such appeals. Meyer v. Kenmore Granville Hotel Co., supra; Wilkerson v. Cooch (C.C.A.9) 78 F.(2d) 311; In re Harris, supra; Raentsch v. American Co. (C.C.A.9) 82 F. (2d) 770; Holmes v. Davidson, supra.

■ Since the District Court had no jurisdiction to allow this appeal, and since there has been no allowance nor any request for allowance thereof by this court, and since the time within which an appeal might have been allowed [7] has long since expired, this appeal must be, and is hereby, dismissed.

---

superintend and revise in matter of law (and in matter of law and fact the matters specified in section 25 [section 48 of this title]) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 [section 48 of this title] to be allowed in the discretion of the appellate court.

"(c) All appeals under this section shall be taken within thirty days after the judgment, or order, or other matter complained of, has been rendered or entered."

Section 25(a) provides: "That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeal . . . in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) From a judgment granting or denying a discharge; and (3) From a judgment allowing or rejecting a debt or claim of $500 or over. . . ."

[7] Bankruptcy Act, § 24(c), supra.