In re F. P. NEWPORT CORPORATION, Limited.

McADOO & NEBLETT v. F. P. NEW-PORT CORPORATION, Limited. et al.

No. 8504.

Circuit Court of Appeals, Ninth Circuit.

Dec. 22, 1937.

Wm. H. Neblett, Harry W. Dudley and E. Walter Guthrie, all of Los Angeles, Cal., for appellant.

Hiram E. Casey, of Los Angeles, Cal. (Horace W. Danforth, of Los Angeles, Cal., of counsel), for appellee Casey.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

In the matter of F. P. Newport Corporation, Limited, bankrupt, the referee made an order appointing Hubert F. Laugharn as trustee in bankruptcy, stating as a reason therefor that no trustee had been elected by the creditors. On petition for review, the District Court made an order disaffirming and setting aside the referee's order, and declaring that H. F. Metcalf was the duly elected trustee. Appellant, a creditor of the bankrupt estate, seeks to have the court's order reversed and the referee's order affirmed.

The pertinent facts, so far as the record discloses them, are as follows:

An involuntary petition in bankruptcy was filed against the above-named corporation on March 19, 1935. Pending disposition thereof, H. F. Metcalf was appointed as receiver and functioned as such until January 12, 1937, when the corporation was adjudged to be an involuntary bankrupt. There was the usual order of reference. February 23, 1937, was designated by the referee as the date on which the first meeting of creditors would be held and, after due notice, such meeting was held on the designated date.

On or prior to February 23, 1937, claims against the bankrupt estate were filed by Mrs. F. P. Newport, J. B. Gribble, Charlotte Cameron, the Whiting-Mead Company, the Times-Mirror Company, the American Engraving & Electrotype Company, the Four S Baking Company, W. P. Fuller & Co., John Widdicombe, G. C. Kinsey, Hiram E. Casey, as trustee in bankruptcy of the estate of Charles R. Stuart,

632

bankrupt, Dorothy Day, and appellant. Whether or not these claims were allowed the record does not show.

At the meeting of February 23, 1937, Mrs. F. P. Newport and J. B. Gribble were present in person. Charlotte Cameron, the Whiting-Mead Company, the Times-Mirror Company, the American Engraving & Electrotype Company, the Four S Baking Company, and W. P. Fuller & Co. do not appear to have been present or represented. John Widdicombe, G. C. Kinsey, and Hiram E. Casey, trustee, were represented by Hiram E. Casey, attorney at law. Dorothy Day and appellant were represented by Robert B. Powell, attorney at law. Also present at the meeting was Edmund Nelson, attorney for the Bank of America National Trust & Savings Association, which at that time, however, had filed no claim against the bankrupt estate. Attorney Powell requested that the meeting be adjourned from February 23, 1937, to a later date. To this, Attorney Casey objected, stating: "I will say that the creditors, so far as I know, are desirous of having Mr. H. F. Metcalf follow through as trustee. He has been receiver for two years of this involved estate. * * * I don't see what good, what actual good, could come of a continuance. * * * Creditors are here this morning that should be permitted to vote this morning, and not have to return. * * * Some have come quite a distance. * * * As I have stated, I can't see that any good can come of a continuance. * * * The claims I represent we vote for Mr. Metcalf."

No one else voted, or attempted to vote, at the meeting of February 23, 1937. Following the above-quoted statement by Attorney Casey, the referee announced that the matter of electing a trustee would be continued to February 25, 1937. On that date claims were filed by the Main Street Company, the Los Angeles Investment Company, and the Bank of America National Trust & Savings Association. Whether or not these claims were allowed the record does not show.

At the meeting of February 25, 1937, Mrs. F. P. Newport and J. B. Gribble were present in person. Charlotte Cameron, the Whiting-Mead Company, the Main Street Company, and the Bank of America National Trust & Savings Association were represented by their attorneys. John Widdicombe, G. C. Kinsey, and Hiram E. Casey, trustee, were represented by Attorney Cas-

ey. Attorney Casey also claimed to represent the Times-Mirror Company, the American Engraving & Electrotype Company, the Four S Baking Company, and W. P. Fuller & Co., but his authority to do so was questioned, and the referee ruled that he had no such authority. Dorothy Day, the Los Angeles Investment Company, and appellant were represented by Attorney Powell. Upon opening the meeting, the referee inquired: "Are you ready, gentlemen? Any claims to be voted for trustee?"

Thereupon, the above-named creditors and representatives of creditors proceeded to vote for a trustee, it being assumed, apparently, by every one present that no trustee had theretofore been elected. The claims of Mrs. F. P. Newport, J. B. Gribble, Charlotte Cameron, the Whiting-Mead Company, John Widdicombe, G. C. Kinsey, Hiram E. Casey, trustee, and the Main Street Company, aggregating $58,558.62, were voted without objection for H. F. Metcalf. Attorney Casey attempted to vote for Metcalf the claims of the Times-Mirror Company, the American Engraving & Electrotype Company, the Four S Baking Company, and W. P. Fuller & Co., aggregating $3,834.55, but Attorney Powell objected to his voting these claims, and the referee sustained the objection.

The claims of Dorothy Day, the Los Angeles Investment Company, and appellant, aggregating $28,474.41, were voted without objection for Fred W. Marlow. The claim of the Bank of America National Trust & Savings Association, amounting to $64,043.85, also was voted for Marlow. Attorney Casey objected to the voting of this claim, on the ground that it was a secured claim. Whether it was, in fact, secured or unsecured, the record does not show. The referee overruled the objection and permitted the claim to be voted.

The result was that neither Metcalf nor Marlow received a majority in number and amount of claims of all creditors present or represented. Bankruptcy Act § 56a, 11 U.S.C.A. § 92(a). Upon ascertaining this result, the referee declared a "deadlock," and thereupon, on February 25, 1937, made his order appointing as trustee Hubert F. Laugharn, for whom no one had voted. A petition to review the referee's order was filed, not by Metcalf or Marlow, but by a creditor, Hiram E. Casey, trustee, who had voted for Metcalf. No review of the referee's order was sought by any creditor who had voted for Marlow.

The District Court's order disaffirming the referee's order was entered on March 18, 1937. Omitting preliminary recitals, it reads as follows:

"It is hereby ordered:

"1. That the order heretofore on February 25, 1937, made and entered herein by Ernest R. Utley, Referee herein, appointing Hubert F. Laugharn Trustee in Bankruptcy of the Estate of F. P. Newport Corporation, Ltd., a corporation, bankrupt, be and it is hereby disaffirmed and set aside.

"2. That H. F. Metcalf be and he is hereby declared to be the duly elected Trustee in Bankruptcy of the Estate of F. P. Newport Corporation, Ltd., a corporation, bankrupt.

"3. That the bond of H. F. Metcalf as Trustee in Bankruptcy of the Estate of F. P. Newport Corporation, Ltd., a corporation, bankrupt, be and it is hereby fixed at the sum of $10,000, said bond to be approved by the Referee in Bankruptcy before said Trustee takes office herein."

Laugharn has not appealed from this order. Appellant, a creditor who voted for Marlow, has appealed, by allowance of this court, pursuant to section 24b of the Bankruptcy Act, as amended, 11 U.S.C.A. § 47(b). No one else has appealed. Metcalf, Laugharn, Marlow, the bankrupt, and all creditors of the bankrupt estate other than appellant were named as appellees and were served with citation. The only appellee who has responded or appeared in this court is Hiram E. Casey, trustee, a creditor who voted for Metcalf.

■■ . Appellee Casey suggests that the appeal be dismissed for lack of summons and severance. There is no merit in the suggestion. There was here no judgment or decree against two or more persons jointly entitled to appeal therefrom. If the order appealed from was against any one, it was against Laugharn. It was not against any creditor. It was not a judgment, within the meaning of section 25a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 48(a), nor was it an order made in a controversy arising in bankruptcy, within the meaning of section 24a of the act, as amended, 11 U.S.C.A. § 47(a). Consequently, no one was entitled, as of right, to appeal from the order. Bank of America National Trust & Savings Ass'n v. Cuccia, 9 Cir., 90 F.2d 100, 102. There was, therefore, no joint right of appeal and no occasion for summons and severance. All interested parties other than appellant were joined as appellees and duly cited. Nothing more was required.

■ Nor is there any merit in appellee Casey's further suggestion that the appeal be dismissed because leave to appeal was not obtained from the District Court. As previously stated, the appeal was allowed by this court, under section 24b of the Bankruptcy Act, as amended, 11 U.S.C.A. § 47(b). The District Court has no jurisdiction to allow or disallow, or to grant or refuse leave to take, an appeal under section 24b. Bank of America National Trust & Savings Ass'n v. Cuccia, supra.

The parties agree that the creditors of this bankrupt estate had their first meeting in February, 1937, and had at that time full opportunity to elect a trustee. Appellee Casey says they did elect a trustee, namely, Metcalf. Appellant says they did not. We think it unnecessary to decide this question.

If, as claimed by appellee Casey, the creditors elected Metcalf as trustee, then clearly the court's order declaring Metcalf to be the duly elected trustee was right and should be affirmed.

■ If, as claimed by appellant, the creditors failed to elect a trustee, it became the duty of the court to appoint one. Bankruptcy Act §§ 2(17), 44, 11 U.S.C.A. §§ 11 (17), 72. The duty thus devolving on the court could be and was performed by the referee, subject, however, to review and confirmation, modification or reversal, by the court itself. Bankruptcy Act §§ 1(7), 2(10), 38(4), 11 U.S.C.A. §§ 1(7), 11(10), 66(4). In this case the referee's order appointing Laugharn was by the court reviewed and reversed, or modified to the extent of appointing Metcalf as trustee instead of Laugharn.

Appellant says the court erred in declaring Metcalf to be the duly "elected" trustee. If so, the error was harmless. Whether Metcalf was called an elected trustee or an appointed trustee, was immaterial. All trustees in bankruptcy are, strictly speaking, appointed trustees. Bankruptcy Act, §§ 2(17), 44, 11 U.S.C.A. §§ 11(17), 72. In this case, therefore, when the court by its order declared Metcalf to be the duly elected trustee and fixed the amount of his bond, it thereby appointed him as trustee.

That the court had power to make the appointment cannot be questioned. Bankruptcy Act, §§ 2(10), 2(17), 38(4), 44,

11 U.S.C.A. §§ 11(10), 11(17), 66(4), 72. That appellant was injured or prejudiced thereby is not claimed or suggested. Appellant never had a vested right in Laugharn's appointment. It never even voted for Laugharn. There is no suggestion that Metcalf is incompetent, or that Laugharn is better qualified, or that appellant or any one else would fare better under Laugharn's administration than under Metcalf's. In short, no reason is shown for reversing the court's order.

The effect of the order was (1) to vacate the appointment of a trustee for whom no creditor had voted, and who, so far as the record shows, was unacquainted with the bankrupt estate and had no special qualifications for the office of trustee, and (2) to appoint in his place a trustee for whom a majority of the creditors had voted, and who for two years had functioned, to the court's satisfaction, as receiver of the bankrupt estate, thereby acquiring an intimate knowledge thereof. This was a valid and proper order.

It was, moreover, a discretionary order, reviewable only for abuse of discretion. In re L. W. Day & Co., 2 Cir., 178 F. 545; Woodford v. Cosden & Co., 8 Cir., 289 F. 67. There is here no showing of abuse.

Order affirmed.