WAYNE APARTMENTS, INC., *v.* UNEMPLOYMENT COMPENSATION COMMISSION.

1. UNEMPLOYMENT COMPENSATION—CERTIORARI—CIRCUIT COURT—SUPREME COURT.

Where decision of appeal board of unemployment compensation commission has been reviewed by circuit court on certiorari, review by Supreme Court is limited to the judgment of the circuit court, there being no procedure for direct review of the decision of the administrative tribunal (Act No. 1, § 38, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 324, Pub. Acts 1939).

2. SAME—SINGLE EMPLOYER—AFFILIATED CORPORATIONS OWNING AND OPERATING APARTMENT HOUSES.

Corporations, all engaged in the business of owning and operating apartment buildings, all having the same persons on their respective board of directors, with the same person as president who owned all of the voting stock of each corporation and actively managed the business of all of the corporations, although the common stock was owned by different persons, constituted an "employer" as that term is defined in the unemployment compensation act, where, taken as a single unit, there were eight or more employees in each of 20 weeks in

each year (Act No. 1, § 41 [c], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

3. SAME—EMPLOYING UNITS—ACTUAL CONTROL—CONSTITUTIONAL LAW.

Provision of unemployment compensation act that two or more employing units which were actually controlled by the same interests or where one unit actually controlled another employing unit should constitute but one employer, as that term was used in the act, was not arbitrary or unreasonable as such provision was necessary in order that the benefits of the act be not denied and its purposes frustrated as to .many employees by reason of disintegrated ownership and control (U. S. Const. Am. 14; Act No. 1, § 41 [3], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

4. SAME—AFFILIATED EMPLOYERS—DUE PROCESS.

The affiliate clause in the section defining an employer in the unemployment compensation act bears a real and substantial relation to the object of alleviation of the evils of involuntary unemployment, hence does not violate the guaranty of due process (U. S. Const. Am. 14; Act No. 1, § 41 [c], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

5. COSTS—PUBLIC QUESTION—CONSTRUCTION OF UNEMPLOYMENT COMPENSATION ACT.

No costs are allowed in case involving construction and application of affiliate clause in definition of employer in unemployment compensation act, a public question being involved (Act No. 1, § 41 [c], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937).

Appeal from Wayne; Murphy (George B.), J. Submitted April 16, 1943. (Docket No. 50, Calendar No. 42,185.) Decided June 7, 1943. Rehearing denied September 7, 1943. Certiorari to Supreme Court of Michigan denied by Supreme Court of the United States on November 19, 1943.

Certiorari by Wayne Apartments, Inc., a Michigan corporation, and others to review an order of the Michigan Unemployment Compensation Commission allowing unemployment benefits to Ruby B. Evick. Award reversed by circuit court. Defendant appeals. Reversed.

Joseph G. Aller, for plaintiff.

Herbert J. Rushton, Attorney General, Edmund E. Shepherd, Solicitor General, Florence N. Clement and Daniel J. O'Hara, Assistants Attorney General, for the defendant.

BOYLES, C. J. In 1939 one Ruby B. Evick filed with the unemployment compensation commission a claim for unemployment benefits, alleging that George Levey personally, Northwest Apartments, Inc., Wayne Apartments, Inc., and 9225 Broadstreet Corporation were her employers within the meaning of Act No. 1, Pub. Acts 1936 (Ex. Sess.), as then amended.* The referee held that the above-named corporations were her employers and liable for benefits. On appeal, the referee's decision was affirmed by the appeal board. The circuit court for Wayne county granted certiorari to review the decision of the appeal board and held (1) that Levey and the three corporations were not subject employers within the meaning of the act, and that therefore the findings of the appeal board were contrary to the great weight of the evidence; (2) that section 41 (3) of the act as applied to the situation involved was unconstitutional. Judgment was entered in favor of the defendants (appellees herein), and the unemployment compensation commission appeals.

The practice to be followed by this court in our consideration of the questions involved has been settled in the recent case of Godsol v. Unemployment Compensation Commission, 302 Mich. 652 (142 A. L. R. 910), as follows:

---

* See Comp. Laws Supp. 1940, § 8485–41 et seq., Stat. Ann. 1942 Cum. Supp. § 17.501 et seq.—REPORTER.

"It is to be noted that review of decisions of the appeal board by the circuit court and appeal to this court is provided in section 38 of the act as amended in 1939 * which reads as follows:

" 'Review of questions of fact and law by court. The findings of fact made by the appeal board acting within its powers, if supported by the great weight of the evidence, shall, in the absence of fraud, be conclusive, but the circuit court of the county in which the claimant resides or the circuit court for the county of Ingham shall have power to review questions of fact and law on the record made before the appeal board involved in any such final decision or determination but said court may reverse such decision of said appeal board upon a question of fact only if it finds that said decision of the appeal board is contrary to the great weight of the evidence:
\* \* \*,

"In this case we are limited to a review of the judgment of the circuit court. There is no procedure by which we may review directly any decision of the administrative tribunal. The principal question involved here is whether plaintiffs are 'employers' within the terms of the statute.''

The instant case is submitted to us on an agreed statement of facts as follows:

"On September 5, 1939, Ruby B. Evick, hereinafter called the claimant, filed a claim with the Michigan unemployment compensation commission for unemployment benefits. This claim was denied on November 14, 1939, for lack of evidence in the Michigan unemployment compensation commission of claimant having earned the necessary qualifying 'wages.' The claimant filed an appeal to the referee. At the hearing before the referee, the following undisputed

---

* Act No. 324, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 8485-78, Stat. Ann. 1940 Cum. Supp. § 17.540).—REPORTER.

facts were established. The claimant was employed by the Northwest Apartments, Inc., from August 15, 1938, to September 15, 1938; by the Wayne Apartments, Inc., from September 15, 1938, to October 17, 1938; by the 9225 Broadstreet Corporation from October 17, 1938, to March 1, 1939.

"George Levey actively manages the Wayne Apartments, Inc., the 9225 Broadstreet Corporation, the Laredo Apartments, Inc., the York Apartments, Inc., the Northwest Apartments, Inc. During the calendar years 1938 and 1939, the above-named corporations, if treated as a single unit for the purpose of counting the number of individuals in employment, had in employment eight or more individuals in each of 20 weeks within each of the said calendar years. Each corporation taken individually had less than eight individuals in employment at all times. The corporations by whom claimant was employed together did not employ eight individuals.

"Each of the above-named corporations was incorporated under the provisions of the Michigan general corporation act and in accordance with the exempt transaction law, so-called, which law limits the number of incorporators to 25 and requires each incorporator to sign the articles of incorporation. Each corporation owns and operates one apartment house, except the Northwest Apartments, Inc., which has three apartment buildings located at 1910 Tuxedo avenue, 1416 Lee place, and 1818 Savannah avenue.

"The board of directors of each of the said corporations is the same, being composed of George Levey, president, Mrs. George Levey, and Joseph G. Aller, secretary and treasurer. George Levey actively manages the business of each corporation.

"The corporate structure of the said corporations is as follows:

| "Corporation | 'A' Stock | 'B' Stock | Date |
|---|---|---|---|
| "Wayne Apartments, Inc. | $35,000 | $1,000 | Oct. 14, 1936 |
| "9225 Broadstreet Corp. | 30,000 | 500 | Jan. 5, 1937 |
| "Laredo Apartments, Inc. | 35,000 | 500 | March 30, 1937 |
| "York Apartments, Inc. | 37,000 | 500 | Sept. 24, 1937 |
| "Northwest Apts., Inc. | 42,000 | 500 | April 26, 1938 |

"In each corporation the stockholders are divided into two classes, 'A' stock and 'B' stock. The 'A' stock is common stock in each instance and carries no voting rights. The 'B' stock is the voting stock in each corporation. All of the 'B' stock in each corporation is owned by George Levey. The common stockholders in each corporation are different individuals.

"In 1936, George Levey, together with a group of individuals, purchased an apartment building and incorporated under the name of Wayne Apartments, Inc. All of the people who were interested in purchasing this apartment dwelling signed the articles of incorporation.

"In January, 1937, George Levey and a different group of individuals purchased another building located at 9225 Broadstreet, Detroit, and formed a corporation known as 9225 Broadstreet Corporation. Subsequently, George Levey and different groups of individuals purchased apartment buildings and incorporated in like manner.

"These corporations were not formed as separate enterprises for the purpose of evading the Michigan unemployment compensation act. The profits, if any, arising from the corporate business are divided among the stockholders in the form of dividends."

The five corporations involved have boards of directors consisting of the same persons, namely: George Levey; his wife, Mrs. George Levey; and Joseph G. Aller. George Levey actively manages the business of all five corporations. He owns all of the voting stock of all five corporations, is the president of each corporation. He receives his management fees proportionately from all five corporations. These corporations all have the same common purpose, owning and operating apartment buildings. The circuit judge held that these corporations did not constitute an employer within the meaning of Act No. 1, § 41 (3), Pub. Acts 1936 (Ex. Sess.), as amended by Act No. 347, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 8485-81 [3], Stat. Ann. 1940 Cum. Supp. § 17.543 [3]), which at the time this controversy arose read as follows:

"Employer means: 	*	*	*

"(3) Any employing unit which, together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interests, or which owns or controls one or more other employing units (by legally enforceable means or otherwise) and which, if treated as a single unit with such other employing units or interests, or both, would be an employer under paragraph (one) of this section."

The circuit judge was in error in holding that the decision of the appeal board was against the great weight of the evidence. On the facts adduced, the appeal board rightly held that the appellee corporations constituted an employer within the meaning of section 41 (3) of the act. *Godsol* v. *Unemployment Compensation Commission, supra; Iron Street Corporation* v. *Unemployment Compensation Commission, ante,* 643.

The lower court also held that section 41 (3) of the unemployment compensation act in effect at the time this controversy arose (Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 347, Pub. Acts 1937, and Act No. 324, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 8485–41 *et seq.*, Stat. Ann. 1940 Cum. Supp. § 17.501 *et seq.*], before amendment by Act No. 364, Pub. Acts 1941) was in conflict with the due process and equal protection clauses of the 14th Amendment to the United States Constitution, and section 16 of article 2 of the Michigan Constitution (1908). This question has now been decided contrary to the holding of the lower court in *Godsol v. Unemployment Compensation Commission, supra,* and *Iron Street Corporation* v. *Unemployment Compensation Commission, supra.*

The judgment of the trial court is set aside and the cause remanded for the entry of a judgment sustaining the decision of the appeal board, but without costs, a public question being involved.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.