AMERICAN SCREW PRODUCTS CO. *v.* UNEMPLOYMENT
COMPENSATION COMMISSION.

1. UNEMPLOYMENT COMPENSATION—LEGISLATIVE POLICY.

> The legislative policy as declared by the unemployment compensation act is mainly to provide against the economic evils of involuntary unemployment by requiring contributions from an employer for the purpose of compensating for losses to the employee by reason of unemployment, the rate of contribution being dependent upon the experience record of the enterprise (Act No. 1, §§ 2, 18 [c], Pub. Acts 1936 [Ex. Sess.]).

2. SAME—CONSTRUCTION OF STATUTES—EMPLOYING UNIT.

> In construing section of unemployment compensation act relating to limit of wages used in determining amount of contributions, "employing unit" is construed as used in an economic sense rather than as strict legal phraseology (Act No. 1, § 44 [2], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 364, Pub. Acts 1941).

3. SAME—EMPLOYING UNIT—ASSESSMENT OF CONTRIBUTIONS—SUCCESSIVE EMPLOYERS.

> Term "employing unit," as used in section of unemployment compensation act relating to limit of wages used in determining amount of contributions assessable refers to unity of enterprise and not to unity of ownership or management, in view of statutory method for computing an employer's experience index, hence where an individual conducting an employing unit is succeeded by a partnership which continues the employment of all employees theretofore employed, the successor employer was entitled to add to the amount it paid an employee the amount paid by its predecessor in order to apply limitation (Act No. 1, §§ 2, 18 [c], 22, 44 [2], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 364, Pub. Acts 1941).

4. COSTS—PUBLIC QUESTION—UNEMPLOYMENT COMPENSATION ACT—
CONSTRUCTION OF STATUTES.

No costs are allowed in proceeding to assess contributions under
the unemployment compensation act where principal question
involves a construction of the statute, such matter being a pub-
lic question (Act No. 1, Pub. Acts 1936 [Ex. Sess.], as
amended).

Appeal from Wayne; Chenot (James E.), J.
Submitted April 10, 1945. (Docket No. 9, Calendar
No. 42,798.) Decided May 14, 1945.

Certiorari by American Screw Products Com-
pany, a copartnership composed of Adolph A. Meyer
and others, against Michigan Unemployment Com-
pensation Commission to review an order of the ap-
peal board approving an assessment for contribu-
tions which did not take into consideration wages
received from predecessor. Order affirming order
of appeal board. Plaintiff appeals. Reversed and
remanded for entry of judgment.

*Raymond A. Fox,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, and *Daniel J. O'Hara*
and *Florence Clement Booth,* Assistants Attorney
General, for defendant.

REID, J. Plaintiffs appeal from an order and
judgment of the circuit court for the county of
Wayne affirming the decision of the appeal board of
the defendant Michigan unemployment compensa-
tion commission, in which decision the said appeal
board held valid an assessment for contribution
against plaintiffs dated January 21, 1943. The as-
sessment for unemployment taxes in dispute is
based upon moneys paid by appellants to certain

of their employees during the last calendar quarter in 1941, without taking into consideration any wages paid to said employees during the same calendar year by appellants' predecessor.

This appeal involves construction of section 44 (2) of the Michigan unemployment compensation act (Act No. 1, Pub. Acts 1936 [Ex Sess.], as amended by Act No. 364, Pub. Acts 1941 [Comp. Laws Supp. 1940 and 1942, § 8485–41 *et seq.,* Stat. Ann. 1942 Cum. Supp. § 17.501 *et seq.*]), particularly the words, "it (wages) shall exclude all remuneration paid to an individual by an employing unit for personal services within any calendar year after such individual has been *paid by that employing unit* remuneration equal to $3,000 for personal services within that year." (Italics supplied.) Act No. 246, Pub. Acts 1943, further amending said section, became effective June 1, 1943, and does not affect the assessment in question.

The facts are stipulated by the parties and are as follows:

"1. The American Screw Products Company, employer, address, 5945 Martin avenue, Detroit, Michigan, was owned and operated by Adolph H. Meyer, prior to September 22, 1941.

"2. On September 22, 1941, a copartnership was formed by Adolph H. Meyer, taking into the business with him as copartners as of that date, Barbara P. Meyer and Ida M. Meyer, and this partnership continued the same business under the same name.

"3. The American Screw Products Company, a copartnership, on September 22, 1941, succeeded to the business of Adolph H. Meyer, doing business as American Screw Products Company, and continued the business at the same location with the same employees and all the employing enterprises of said predecessor."

The only dispute is over the construction of the italicized words above cited. If plaintiffs' construction shall be adopted by us we should reverse the judgment appealed from; but if we adopt defendant's construction we should affirm the judgment.

Plaintiffs claim that to the amount paid by plaintiffs to an employee in 1941 from and after September 22d of that year, plaintiffs are entitled to add the amount paid by the predecessor, Adolph H. Meyer, in 1941 to the same employee in computing the amount of $3,000, the limit of the basis for computation of the contribution under the Michigan unemployment compensation act. The defendant commission denies that the plaintiffs are entitled so to add the amount paid by Adolph H. Meyer, the predecessor employer.

The legislature declares its policy in section 2 of the act, which policy is mainly to provide against the evils, mostly of an economic nature, incident to involuntary unemployment, and to provide social and economic security for the public good and general welfare against the hazards incident to involuntary unemployment. Contribution by an employer is required for the purpose of compensating for losses to the employee by reason of unemployment. The rate of such contribution is, within limits, made to depend on the history of the enterprise for unemployment, which history is called the experience record. The rate thus determined is called the experience index, that is, the rate indicated by experience as being necessary. The experience index of any particular enterprise is to be computed as provided for in section 18 (c) of the act.*

---

* As amended by Act No. 364, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 8485–58, Stat. Ann. 1944 Cum. Supp. § 17.519).—REPORTER.

Because section 22 * provides, among other things, that in making the computation for the experience index there shall be a combining of records of predecessor and successor employing units in the same enterprise, plaintiffs argue that the part of section 44 (2) in question should be construed by analogy as providing for combining and mingling amounts paid to the same employee by predecessor employing unit and successor employing unit to determine the $3,000 limit under consideration. We consider section 22 * as indicating by analogy the construction of section 44 (2) which plaintiffs claim.

Both plaintiffs and defendant cite the case of *Karlson* v. *Director of Labor,* 387 Ill. 436 (56 N. E. [2d] 839). The Illinois statute considered in that case is very similar to the Michigan statute, and contains a definition of the term "employer." While the critical words in the Michigan statute are "by that employing unit," the critical words in the Illinois statute are "by such employer" and the question in the Illinois court was whether six successive partnerships are a single employer within contemplation of that statute. The Illinois court treated the six successive partnerships as a single employer for the purpose of arriving at a $3,000 total similar to that in the Michigan statute.

We consider the section in question should be construed with reference to the words as used in their economic sense rather than as strict legal phraseology.

There is no showing by which we may consider that the legislature had in mind additional involuntary unemployment resulting from formation of a partnership to take over the business of one of the partners as a predecessor employer. In the instant

* As amended by Act No. 364, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 8485-62, Stat. Ann. 1942 Cum. Supp. § 17.524).—REPORTER.

case the successor, the partnership, took hold of the enterprise to carry it on (not to wind it up) and continued the employment of all employees and carried on all employing enterprises.

In determining the matter involved, we are not concerned with the expense of the successor employer in making changes incident to taking over the business. That seems to be a matter for management. Such expenses are not shown to have caused any loss to the employee by unemployment, which is the thing with which we are concerned. The direct objective of the act is to guard against loss to the employee and not against any loss to the employer. However, the contributions are not deductible from the employee's wages either directly or indirectly. (Section 13 of the act.)

The words in question, "that employing unit," refer to unity of enterprise and not to unity of ownership or management. It is the matter of unemployment that is crucial rather than whether there is a shifting of the management of the same enterprise.

A careful consideration of the whole act induces us to accept the theory advanced by plaintiffs that the successor partnership is entitled to add on the payments of the predecessor employer, Adolph H. Meyer, to plaintiffs' own payments in order to make the limitation amount of $3,000.

The judgment appealed from is reversed. The cause is remanded to the circuit court for the entry of a judgment in accordance with this opinion. A public question being involved, no costs are allowed.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.