SULLOWAY & a. v. RICHARD S. ROLFE.

86

*Sulloway, Piper, Jones, Hollis & Godfrey (Mr. Soden* orally), *pro se.*

*Dixon H. Turcott* (by brief and orally), for the defendant.

JOHNSTON, J.  It was decided in *Lund Company* v. *Rolfe*, 93 N. H. 280, that the unemployment compensation statute as it was prior to 1945 contained no provision for the transfer of the merit rating of one employer to another.

The plaintiffs argue that a new employing unit was not created by reason of the changes in the partnership personnel in 1938.  One of the agreed facts relied upon is as follows: "It has been agreed at all times since 1913 that in the event of the death or resignation of any partner, the remaining partners would continue the practice of law together as partners with new percentages to be agreed upon, and that the partnership should not terminate because of the death or resignation

of a partner." This fact does not continue the firm for one reason because it has no binding legal force. Without an agreement as to the new percentages, it is nothing more than a hope or an expectation that the partnership will continue. "Although a promise may be sufficiently definite when it contains an option given to the promisor or promisee, yet if an essential element is reserved for the future agreement of both parties, the promise can give rise to no legal obligation until such future agreement. Since either party by the very terms of the promise may refuse to agree to anything to which the other party will agree, it is impossible for the law to affix any obligation to such a promise." 1 Williston, Contracts (Rev. *ed.*), *s.* 45.

Furthermore, a valid agreement for the continuation of a partnership on the death or resignation of a partner in order that the waste of liquidation may be avoided, results in a new and different firm, not one identical with the old. "A provision, it has been held, for the continuation of the firm in case of the death of one partner, substituting another in his stead, while valid, does not work a continuation of the old firm, but in reality creates a new one where the new person enters thereunder." 2 Rowley, Partnership, 809. To the same effect are the following cases: *McGrath* v. *Cowen*, 57 Ohio St. 385; *Andrews* v. *Stinson*, 254 Ill. 111; *Hornaday* v. *Cowgill*, 54 Ind. App. 631; *Kennedy* v. *Porter*, 109 N. Y. 526. The case of *Normand* v. *Normand*, 90 N. H. 548, is consistent with this view of the effect of an agreement for the continuation of a partnership.

It is said that the answer to the question transferred is found in the fact of identity of enterprise and other business and economic factors. Since 1913 the organization now owned by the plaintiffs has been a continuing one. Through the years following that date this law office has been a going concern without any liquidation. The only type of employing unit that concerns us in the present case is that designated in Laws, 1937, *c.* 178, *s.* 1G (R. L., *c.* 218, *s.* 1G) as "partnership." The partnerships under discussion consisted of the men whose names have been given, and not of the enterprise or business carried on by them. A partnership is composed of the persons who are the owners rather than of the establishment owned. It is a relation or status between individuals. *Pellenz* v. *Howell*, 86 N. H. 114. After September 28, 1938, the men who made up the partnership were not identical with those who formed it prior thereto. Both because of the death of Mr. Woodworth and the admission of Mr. Godfrey there was a new partnership.

The language of Laws, 1937, *c.* 178, *s.* 1G (R. L., *c.* 218, *s.* 1G) with

respect to the sense of the phrase, employing unit, where it is defined as "including any partnership," must be taken in its natural and ordinary meaning. *Attorney-General* v. *Hayes*, 77 N. H. 358.

The argument that the ruling of the defendant that there was a new employing unit after September, 1938, disregards the purpose of the merit rating system, overlooks the fact that it is for the Legislature to determine how the purpose of its acts shall be achieved. The language of the act is clear and unequivocal that an employing unit may consist of a partnership and that when there is a new employing unit it does not succeed to the merit rating of a predecessor. Any injustice of the provision passed by the Legislature within constitutional limits is no concern of the courts, where the language is unambiguous. "The question of the justice or the fairness of the present arrangement is for the Legislature to determine. In order to grant the relief prayed for it would be necessary for the court, in effect, to write into the statute a new provision authorizing such transfer, which would clearly transcend the limits of judicial power." *Lund Company* v. *Rolfe, supra*, 282. In *George* v. *Commissioner*, 42 Del. 558, it was held that a new partnership did not gain by transfer the merit rating of a predecessor partnership. "There is no ambiguity in the language of the act, and no reason to indulge in construction. The Court may not speak when the Legislature has declared its will." *P.* 469. For the respective powers of the Legislature and the courts, see also *State* v. *Moore*, 91 N. H. 16, 21.

*Karlson* v. *Murphy*, 387 Ill. 436, is distinguishable. On the same day that it was decided, an opinion in *Lindley* v. *Murphy*, 387 Ill. 506, was handed down. This latter case held that three successive partnerships should be treated as a single employing unit and that contribution rates should be determined in accordance with *s.* 18 (c) (6) of the Unemployment Compensation Act. This portion of the act was quoted by the court (*p.* 508), as follows: "For the purposes of this subsection two or more employing units which are parties to or the subject of a merger, consolidation, or other form of reorganization effecting a change in legal identity or form shall be deemed to be a single employing unit for the purpose of computing contribution rates, if the director finds that (a) immediately after such change the employing enterprises of the predecessor employing unit or units are continued solely through a single employing unit as successor thereto, and (b) immediately after such change such successor is owned or controlled by substantially the same interests as the predecessor employing unit or units." The *Karlson* case dealt with an exemption

of wages in excess of $3,000 and held that six successive partnerships were a single employer within the meaning of the Unemployment Compensation Act. The court (*p.* 445) stated the substance of the above-quoted section 18 (c) (6) and said (*p.* 448) that this provision and others of the act "fortify our conclusion that the words 'employing unit' are used in an economic and business sense." Similarly *Meyer* v. *Commissioner*, 311 Mich. 440, may be explained by the language of the act. This case also dealt with the exclusion of remuneration paid by an employing unit to an individual in excess of $3,000 in a calendar year. The court held on "a careful consideration of the whole act," that the phrase employing unit referred to unity of enterprise and not to unity of ownership or management. Section 22 of the Michigan act provided that in making the computation for the experience index there should be a combining of records of predecessor and successor employing units in the same enterprise.

*Judgment for the defendant.*

All concurred.