BELL-LOURIM ELECTRIC SUPPLY COMPANY *v.* EMPLOYMENT SECURITY COMMISSION.

B–L ELECTRONICS, INC., *v.* SAME.

1. UNEMPLOYMENT COMPENSATION—SUCCESSOR EMPLOYER—CONTRIBUTION RATE.

Two distinct legal entities, each engaged in carrying on its business quite largely in conjunction with the other, do not constitute an employer entitled, under the employment security act, to claim the contribution rate enjoyed by a prior employer whose businesses and assets have been acquired (PA 1936 [Ex Sess], No 1, §§ 13, 22, 41, as amended by PA 1951, No 251 and PA 1951 [1st Ex Sess], No 1).

2. SAME—CORPORATE ENTITIES—FRAUD.

Corporate entities will not be disregarded when computing an employer's contribution rate under the employment security act, where no question of fraud is involved (PA 1936 [Ex Sess], No 1, §§ 13, 22, 41, as amended by PA 1951, No 251 and PA 1951 [1st Ex,Sess], No 1).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 13 *et seq.*
[2] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 32 *et seq.*

3. SAME—EMPLOYER'S CONTRIBUTION RATE—AMENDMENT.

An amendment of the employment security act whereby the term "employer" was substituted for the term "employing unit" *held*, not to have affected the liability for employer's contributions of 2 corporations which had acquired the assets of a partnership (PA 1936 [Ex Sess], No 1, §§ 13, 22, 41, as amended by PA 1951, No 251 and PA 1951 [1st Ex Sess], No 1).

Appeal from Muskegon; Smith (Raymond W.), J., presiding. Submitted June 14, 1956. (Docket No. 9, Calendar Nos. 46,749, 46,750.) Decided October 1, 1956.

Certiorari proceedings by Bell-Lourim Electric Supply Company and B-L Electronics, Inc., to review determinations of Michigan Employment Security Commission and decisions of its Appeal Board denying the 2 corporations the right to use experience record of partnership of which they were successors. Cases combined for determination and appeal. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Balgooyen & Knudsen (Harry J. Knudsen,* of counsel), and *Parmenter & Forsythe,* for plaintiffs.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Arthur W. Brown,* Assistant Attorney General, for defendant commission.

CARR, J. The material facts in this case are not in dispute. On April 18, 1952, and prior thereto, the Industrial Electric Supply Company, a copartnership, was engaged in business in Muskegon, Michigan. In the course of its operations it purchased and sold electric products, including wiring, switchboards, and other appliances. It also conducted an

electronics business in which it handled products involving radio, television, and industrial stations. On the date stated the partnership was dissolved and the businesses mentioned were taken over by the plaintiff corporations which were organized for that purpose. The electric supply business, and the property used in connection therewith, was transferred to the Bell-Lourim Electric Supply Company, and the electronics business, with the assets used therein, was acquired by the other plaintiff. Such transfers covered all of the assets of the partnership with the exception of 2 motor vehicles, the value of which was slightly in excess of 1% of assets. Said assets totaled $283,400.84, of which the electric supply company acquired property appraised at $208,252.53, the other plaintiff receiving the balance with the exception of the motor vehicles mentioned.

Following the transactions indicated plaintiffs carried on their respective businesses on the premises previously occupied by the copartnership. Each corporation maintained its own records and made separate reports under the Federal income tax law. Each maintained a separate pay roll for its employees who were, at the outset, the individuals employed by the copartnership. Certain employees rendered services to both corporations, and the plan was adopted pursuant to which the electric supply company issued the checks and then charged a prorated amount to Electronics, Inc. Utility services were paid for in a similar manner. The affairs of each corporation were directed by the same officers, who were paid by both plaintiffs on a prorated time basis. Salesmen for each corporation had the right to sell for the other, and their compensations were apportioned in accordance with services rendered to each. In a general way the businesses of the plaintiff corporations were carried on together, and

quite largely by the same individuals, both officers and employees.

In November, 1952, the defendant Michigan employment security commission determined that contributions to the unemployment compensation fund should be made by each of the plaintiffs for the period beginning April 18, 1952, and ending December 31st of the same year, at the rate of 2.7% of the first $3,000 of each employee's earnings within the calendar year. Plaintiffs protested the action taken and asked for a redetermination on the theory that they should be considered as a single employing unit. Such contention was based on the fact that the stock in the 2 corporations was held in equal proportions by the owners, that the managements were identical, and that intercompany services were rendered as above stated. The review sought by plaintiffs was held on December 5, 1952, and the prior determination affirmed. Thereupon plaintiffs appealed to a referee in accordance with the statute, with a like result. The appeal board affirmed, and the circuit court, reviewing the matter on writ of certiorari, entered judgment sustaining the holding of the board.

The question presented is whether the liability of the plaintiffs for contributions to the unemployment compensation fund for the period in question has been correctly determined. Primarily involved are provisions of the Michigan employment security act* in force and effect at the time of the determination by the defendant commission. We are not concerned here with the interpretation of subsequent amendments to the statute. As before stated, it is the contention of appellants that they are entitled to be considered, for the purpose of determining con-

---

* PA 1936 (Ex Sess), No 1, as amended (CL 1948, § 421.1 *et seq.*, as amended by PA 1951, No 251 and PA 1951 (1st Ex Sess), No 1 [Stat Ann 1950 Rev and Stat Ann 1951 Cum Supp § 17.501 *et seq.*]).

tributions under the act, as the employer successor of the copartnership whose businesses and assets they acquired. Prior to said transactions the copartnership had a contribution rate of 1%. The holding from which they have appealed subjects each to the provisions of section 13 of the employment security act as amended by PA 1951, No 251, and by PA 1951 (1st Ex Sess), No 1 (CLS 1952, § 421.13 [Stat Ann 1951 Cum Supp § 17.513]). The contribution rate of 2.7% was determined in accordance with said section.

Consideration of the arguments advanced by appellants involves an examination of the provisions of certain sections of the statute in force during the year 1952. The following excerpts from the act have been emphasized by counsel in their briefs:

"Sec. 22. (a) For the purpose of sections 17, 18, 19 and 20 of this act as of September 30th of a calendar year the experience records of 2 or more employers may be combined and mingled as if they constituted the experience record of a single employer, if the commission finds that the purchaser of an organization, trade or business is a successor as defined in section 41 (2) and that 1 of the following circumstances exists:

"(1) That an employer has acquired the organization, trade or business, or substantially all the assets thereof, of a predecessor employer which at the time of such acquisition was an employer subject to this act, and immediately after such acquisition substantially all the employing enterprises of such predecessor employer are continued solely through the employer which has acquired such organization, trade or business, and has accepted responsibility for any unpaid contribution due and payable at the time of such acquisition; or

"(2) That a change in the legal entity or form of an employer has been effected by change of ownership, reincorporation, change in the composition

of a partnership, or other form of reorganization, and immediately after such change substantially all the employing enterprises of such predecessor employer are continued solely through a single employer as successor thereto who has accepted responsibility for any unpaid contributions then due; or

"(3) That 2 or more employing units have been parties to or the subject of a merger, consolidation or other form of reorganization effecting a change in legal entity or form, and immediately after such change substantially all the employing enterprises of the predecessor employers are continued solely through a single employer as successor thereto who has accepted responsibility for any unpaid contributions then due: Provided, That the experience records of 2 or more employers shall be combined and mingled as of the computation date which was used in determining rates for the year within which the acquisition, change or merger as provided in subsections 1, 2, or 3 above occurred. Such combination and mingling shall be effective as of the date of the acquisition, change or merger:

"Provided further, That no rate of less than 3 per centum shall be permitted an employer succeeding to the experience record of another employer pursuant to this section for any period subsequent to such succession and prior to the date as of which such experience records are combined, except in accordance with regulations prescribed by the commission, which regulations shall be consistent with Federal standards of additional credit allowance in section 1602 of the internal revenue code and consistent with the provisions of this act.

"(b) When the experience records of 2 or more employers have been combined as provided in subsection (a) of this section, the combined record shall be deemed to constitute the experience record of the successor employer, as if all wages earned with the predecessor employer had been wages earned with the successor employer, and as if all benefits

charged or chargeable to the predecessor employer or employers had been chargeable to the successor.

"For the purpose of section 19, the successor employer may be deemed to have had the status of an employer throughout the period covered by the combined experience record, if the commission finds that such treatment would not be inequitable, and is not inconsistent with the requirements of Federal laws prescribing the conditions under which additional credit against a Federal tax on pay rolls may be granted to employers who are required to pay contributions at a reduced rate under a State unemployment compensation law.

"(c) In the interpretation of this section, substantially all of the employing enterprises of a predecessor employer shall be deemed to be continued solely through a single employer as successor thereto if the commission finds that the successor has acquired business establishments or properties, or other trade or assets, the operation of which during the last 4 completed calendar quarters involved more than 95% of the aggregate wages payable for employment by the predecessor employer during such period."

"Sec. 41. 'Employer' means: (1) Any employing unit which in each of 20 different weeks within the current calendar year or within the preceding calendar year (whether or not such weeks are or were consecutive) has or had in employment 8 or more individuals (not necessarily simultaneously and irrespective of whether the same individuals are or were employed in each such week) for the purposes of this subsection, a week which falls in 2 calendar years shall be deemed to fall entirely within that calendar year which contains the majority of days of such week;

"(2) Any individual, legal entity or employing unit which acquired the organization, trade or business, or substantially all the assets thereof, of another which at the time of such acquisition was an employer subject to this act;

"(3) Any employing unit which was formerly an employer under paragraph (1) of this section, or has acquired any part of the business of an employer or employing unit which is or was formerly an employer under paragraph (1) of this section, and which, together with 1 or more other employing units engaged in the same or an associated line of business, is owned or controlled (by a legally enforceable means or otherwise) directly or indirectly by the same interests, or which owns or controls 1 or more other employing units engaged in the same or an associated line of business, and which, if treated as a single unit with such other employing units or interests, or both, would be an employer under paragraph (1) of this section: Provided, That this subsection shall not apply in cases where it can be shown that there is a sound business reason, other than avoidance of contributions, for the separation of such employing units."

We are not in accord with the argument of appellants that the quoted provisions, or others pertaining to the matter in controversy, may be construed as a proper basis for their claim that they should have been considered as a single employer for the purpose of determining the matter of contributions to the unemployment compensation fund. It is significant that section 22 uses the term "employer" in such manner as to indicate that an entity was in contemplation. Section 22 (a) (2) and (a) (3) refer specifically to a "single employer." Section 22 (c) uses the same term in prescribing the conditions that must obtain to satisfy the requirement that an employer has taken over substantially all of the employing enterprises of a predecessor. Nowhere does this section suggest that under circumstances of the character here involved 2 distinct legal entities, even though each is engaged in carrying on its business quite largely in conjunction with the other, constitute an employer entitled to claim

the contribution rate enjoyed by a prior employer whose businesses and assets have been acquired. A like conclusion follows from an examination of the provisions of section 41, above quoted.   The language used by the legislature does not suggest that it was intended that the term "employer" might be construed to mean 2 or more individuals, legal entities, or employing units.  We think that if the legislature had intended to permit the result for which appellants contend specific language so indicating would have been employed.

Counsel on both sides have referred at some length to the decision of this Court in *Ned's Auto Supply Co.* v. *Unemployment Compensation Commission,* 313 Mich 66.  There, as in the case at bar, the plaintiff corporations were formed to take over the businesses and assets of a copartnership, engaged in wholesale and retail operations. Ned's Auto Supply Company, which acquired the retail business of the copartnership, purchased approximately 2/3 of the assets. The other plaintiff received approximately 1/3 with the wholesale business previously conducted.  It was stipulated in the case that operations continued substantially as under the partnership except that the employees of each corporation received their pay checks from their respective employers.  Plaintiffs claimed that under section 22 of the statute they were entitled to have the experience record of the predecessor copartnership combined with their own records after incorporation, and the rate of contribution determined accordingly.  The appeal board of the defendant commission determined the issue against the claims of the plaintiffs, and the circuit court affirmed the order.  In upholding the judgment this Court said, in part (pp 77, 78):

"It is clear that the 2 corporations could not qualify as a single employing unit under the provisions of said section 22 (a) (1), (2), and (3), unless

their corporate entities were disregarded. Plaintiffs argue that because the 5 partners continued as owners of the corporate stock of the 2 corporations and as directors and officers thereof, the corporate entities should be disregarded and they should be considered as a single employing unit. We cannot agree with this argument, because plaintiff corporations are 2 separate and distinct legal entities and, therefore, 2 separate employers. We recognize that the courts have often looked through the veil of corporate structure in order to prevent fraud or injustice. *Old Ben Coal Co.* v. *Universal Coal Co.,* 248 Mich 486; *People, ex rel. Attorney General,* v. *Michigan Bell Telephone Co.,* 246 Mich 198 (PUR1929B, 455). However, no question of fraud is involved in the present case, and we find no occasion to disregard the corporate entities of the 2 plaintiffs. A single partnership had been split into 2 separate corporations, and under section 22 quoted above they could not be combined as a 'single' successor employing unit.

"Furthermore, under section 22 (c) neither of plaintiff corporations would be entitled to have its experience record combined with that of the preceding partnership, because neither acquired business or assets of the partnership 'the operation of which during the last 4 completed calendar quarters involved more than 95% of the aggregate wages payable' by the partnership during that period. Section 22 attached definite conditions precedent to the combining of experience records for the purpose of determining contributions for 1942, and plaintiffs have not met those conditions. In summary, plaintiff corporations are not entitled to have their experience records combined with that of the preceding partnership for the purpose of determining their contribution rate for 1942. The trial judge, in affirming the decision of the appeal board, correctly determined that the contribution for each of plaintiff corporations for 1942 should be computed at the 3% rate as provided in section 19 of the act.

"The materially-different factual situations and questions presented in *American Screw Products Co.* v. *Unemployment Compensation Commission,* 311 Mich 440 (159 ALR 1195), and other cases cited by plaintiffs, distinguish them from the present case. For other authorities bearing upon the questions involved in the case before us, see *Auten* v. *Unemployment Compensation Commission,* 310 Mich 453; *Acme Messenger Service Co.* v. *Unemployment Compensation Commission,* 306 Mich 704; *Iron Street Corp.* v. *Unemployment Compensation Commission,* 305 Mich 643; *Wayne Apartments, Inc.,* v. *Unemployment Compensation Commission,* 305 Mich 714; *Godsol* v. *Unemployment Compensation Commission,* 302 Mich 652 (142 ALR 910)."

The case cited involved the liability of the plaintiff corporations for contributions during the calendar year 1942. Counsel for appellants in the case at bar direct attention to the fact that the legislature by PA 1943, No 246, amended section 22 by substituting in certain instances the word "employer" for the term "employing unit." It is urged, in substance, that because of such amendment the section should be given a different interpretation, as applied in the instant case, than was placed on it by the Court in the language above quoted. We do not think, however, that the substitution of the one term for the other without further change in language can be given the effect claimed. It is quite possible that the substitution was made because of the repeated use of the word "employer" in other sections of the statute. In any event, it seems scarcely possible that the legislature would have sought to change the meaning of the act by merely substituting the one designation for the other without further indicating such intent.

Counsel for appellants in the instant case have cited as tending to support their position the case of

*American Screw Products Co.* v. *Unemployment Compensation Commission,* 311 Mich 440 (159 ALR 1195). We think the comment made in the excerpt from the opinion in *Ned's Auto Supply Co.* v. *Unemployment Compensation Commission, supra,* sufficiently answers any claim based on the prior decision. In *Schusterman* v. *Employment Security Commission,* 336 Mich 246, the Court quoted with approval a portion of the excerpt above set forth from the prior case. See, also, *Russ Dawson, Inc.,* v. *Unemployment Compensation Commission,* 334 Mich 82; *Employment Security Commission* v. *Crane,* 334 Mich 411. These decisions indicate the interpretation that this Court has heretofore placed on the sections of the employment security act here involved. We are in accord with that interpretation.

The judgment of the circuit court is affirmed. Defendants may have costs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, BOYLES, KELLY, and BLACK, JJ., concurred.