FLETCHER v. EMPLOYMENT SECURITY COMMISSION.

1. UNEMPLOYMENT COMPENSATION—EMPLOYING UNIT—INDIVIDUALS.
    An "employing unit," as the term is used in the employment security act, includes individuals and any type of organization having individuals as employees within this State (CL 1948, § 421.40).

2. SAME—INDIVIDUAL.
    The term "individual," as used in definition of "employing unit" in employment security act referred to "person" as distinguished from "organization" (CL 1948, § 421.40).

3. SAME—EMPLOYING UNIT—INDIVIDUAL OWNING 2 SEPARATE BUSINESS ENTERPRISES.
    An individual does not, by virtue of the fact that he owns 2 business enterprises in each of which other individuals are employed, split himself into 2 employing units, and remains 1 "employing unit" as the term is used in the employment security act, even though the enterprises maintained separate records, bank accounts and locations and employee interchange was limited to but 1 person (CL 1948, § 421.40).

4. STATUTES—CONSTRUCTION.
    Recourse to court-attached labels does not invariably afford the answer to questions of statutory construction.

REFERENCES FOR POINTS IN HEADNOTES
[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 15.
[4, 5] 50 Am Jur, Statutes § 318 et seq.

5. SAME—CONSTRUCTION.

The purpose of construing a statute is to discover the legislative intent and such discovery must be made from the language of the act, not in the terminology or labels employed by the Supreme Court in another case involving a different question.

6. UNEMPLOYMENT COMPENSATION—INDIVIDUAL OWNING 2 SEPARATE BUSINESS ENTERPRISES—EMPLOYING UNIT—CONTRIBUTIONS.

An individual who owned a credit bureau and a collection agency which were kept separate for sound business reasons and not to avoid contributions under the employment security act, which were at separate locations in the same building, had separate records, bank accounts and pay rolls, each employed less than 8 persons but the total number of employees for the 2 enterprises did, *held*, a single employing unit under the act and liable for contributions thereunder (CL 1948, § 421.13, 421.40, 421.41).

Appeal from Washtenaw; Martin (Rex B.), J., presiding. Submitted October 16, 1958. (Docket No. 8, Calendar No. 47,549.) Decided January 12, 1959.

Certiorari by Foster L. Fletcher against the Michigan Employment Security Commission and its appeal board to test validity of determination that he was an employer subject to payment of contributions under employment security act. Judgment for defendants. Plaintiff appeals. Affirmed.

*Moll, Desenberg, Purdy & Glover,* for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Edward Coughlin,* Assistant Attorney General, for defendants.

DETHMERS, C. J.  The question is whether plaintiff was, for the years 1950 to 1953 and within the meaning of section 41, subd (1) of the Michigan employment security act (CL 1948, § 421.1 *et seq.,* as amended [Stat Ann 1950 Rev § 17.501 *et seq.,* as amended]),

an employer liable for contributions under section 13. To be held such under the facts in this case, it was necessary that he be found to be an employing unit having 8 or more employees. The appeal board of the Michigan employment security commission held that he was. From circuit court affirmance, plaintiff appeals here.

Plaintiff owned 2 separate and different types of enterprises; one a credit bureau, the other a collection agency. The 2 were at different locations in the same building. They maintained separate records without commingling them and separate bank accounts and pay rolls. Plaintiff filed 1 income tax return reporting his income from both businesses. Except that the person employed by plaintiff as manager of the collection agency also did accounting work for the credit bureau, there was no evidence of interchange between the employees of the 2 businesses. The 2 were kept separate for sound business reasons and not to avoid contributions under the act. Neither had 8 employees for the relevant period, but the 2 combined did. Answer to the primary question above stated depends on whether plaintiff be held, within the definition of section 40 of the act, to be 1 or 2 employing units. If 1, he was an employer liable for contributions; if 2, he was not.

Section 40 reads as follows:

" 'Employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has or subsequent to January 1, 1936, had in its employ 1 or more individuals performing services for it within this State. All individuals performing services within this State for any employing unit which maintains 2 or more sep-

arate establishments within this State shall be deemed to be employed by a single employing unit for all the purposes of this act. Each individual employed to perform or to assist in performing the work of any agent or employee of an employing unit shall be deemed to be employed by such employing unit for all the purposes of this act, whether such individual was hired or paid directly by such employing unit or by such agent or employee, provided the employing unit had actual or constructive knowledge of the work." (CL 1948, § 241.40 [Stat Ann 1950 Rev § 17.542].)

It will be observed that section 40 provides that "employing unit" means either any individual or any type of organization having individuals as employees within this State. We see no ambiguity in the statute in this connection, nor much room for statutory construction. From a reading of the entire act, and particularly of section 40, which not only defines an "employing unit" as including an "individual" but bases such individual's being an "employing unit" on his employment of individuals, we are satisfied that by the term "individual" the legislature was referring to "person," as distinguished from "organization." By its plain terms, then, section 40 provides that any person having 1 or more persons performing services for him within this State is an "employing unit." The definition fits the plaintiff and, hence, he was an employing unit. But was he 2 employing units?

Nothing in section 40 or elsewhere in the act suggests a legislative intent that an individual having other individuals in his employ, by owning 2 business enterprises and employing some individuals in the one and some in the other, splits himself into 2 employing units and no longer remains 1, as defined in section 40. Plaintiff contends, however, that *American Screw Products Co. v. Unemployment*

*Compensation Commission,* 311 Mich 440 (159 ALR 1195), supports the view that such was the legislative intent. We do not so read it. Involved was the question whether credit under section 44 subd (2)* for wages already paid by an employing unit was lost to it upon change of its ownership from an individual to a partnership which continued employment of all its employees. This Court held that it was not, saying, as plaintiff here stresses, that it construed the words "employing unit" as being used in their economic sense rather than as strict legal phraseology and that they referred to unity of enterprise rather than to unity of ownership or management. Plaintiff urges, therefore, that we must give "employing unit" its economic sense and not a legalistic meaning. Recourse to court-attached labels, however, does not invariably afford the answer to questions of statutory construction. In the *Screw Company Case* this Court arrived at its interpretation by analogy and other reasoning. Having reached it thus, it proceeded to label it as one of economic sense and not legal phraseology. That scarcely helps to solve this case. The question remains one of legislative intent. That must be discovered in the language of the act, not in the terminology or labels employed by the Court in another case involving a different question. To say that the legislature intended, as held in the *Screw Company Case,* that an employing unit should not lose its credit under section 44 subd (2) by change of ownership is one thing; but to say that it intended that an individual can, by ownership of more than 1 enterprise, split himself into more than 1 employing unit is quite another. The holding in the *Screw Company Case* is in nowise conclusive of the latter result. Plaintiff's thesis is that the decision in the *Screw*

* See CL 1948, § 421.44 (Stat Ann 1950 Rev § 17.548).—REPORTER.

*Company Case* that change of ownership of an employing unit does not transform it into another or different employing unit proceeds from the theory that, from the economic standpoint, it remains the same enterprise and, therefore, the same employing unit, despite the change of ownership, and that, in consequence, the converse, as plaintiff styles it, must follow that if, from an economic standpoint there are 2 separate and distinct enterprises or economic units, they are 2 separate and distinct employing units even though owned by 1 individual. This reasoning might carry more weight were it not for the fact that section 40 defines an employing unit not at all in terms of an enterprise and not only as a type of organization but, also, as an individual, that is to say, a person having other individuals performing services for him within this State. Plaintiff having been such individual and therefore an employing unit, we look to section 41, subd (1) to ascertain whether he was an employer within the meaning of the act and, hence, liable for contributions under section 13. Inasmuch as he had in employment 8 or more individuals, we hold that he was.

Affirmed.

Carr, Kelly, Smith, Black, Edwards, and Voelker, JJ., concurred.

Kavanagh, J., did not sit.