### In re HARRIS.

### HARRIS v. PRUDENTIAL INS. CO. OF AMERICA et al.

### No. 7699.

Circuit Court of Appeals, Ninth Circuit.

Aug. 5, 1935.

Lloyd S. Nix, of Los Angeles, Cal., for appellant.

Loeb, Walker & Loeb, Lyman P. Robertson, T. Russell Harriman Jr., and Ross T. Hickcox, all of Los Angeles, Cal., for appellees.

Before WILBUR and MATHEWS, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

William Sullivan Harris filed an application on July 21, 1934, under section 75 of the Bankruptcy Act, as amended (11 USCA § 203), alleging that "he is personally bona fide engaged in farming operations and that the principal part of his income is derived from farming operations. * * *" He alleges that either personally or through the medium of tenant farmers he operates some 1,602 acres of farm land in Imperial county, Cal.; that he is solvent and desires to affect a composition or extension of time to pay his debts which, according to schedule A, aggregate $539,521.69, with assets aggregating $903,595.40. On July 21, 1934, the court approved the petition, referred the matter to a conciliation commissioner and, upon application by the petitioner, issued a restraining order against the creditors named in the order restraining them from taking any proceeding for the enforcement of their indebtedness. On November 10, 1934, the Pacific Mutual Life Insurance Company of California filed a motion to dissolve the restraining order and dismiss the proceeding. This matter came on to be heard on the 16th or 17th of November, 1934, and on November 21, 1934, the court entered its order. finding that the petitioner was not a farmer under the terms of section 75 of the Bankruptcy Act and particularly under the terms of subdivision (r) of that section (11 USCA § 203 (r), and dismissing the proceeding setting aside and dissolving the injunction and restraining orders theretofore made therein. On December 3, 1934, appellant petitioned the District Court for allowance of an appeal to this court. This appeal was allowed on December 3, 1934. A similar petition was filed in this court on December 10, 1934, for the allowance of an appeal under section 24b of the Bankruptcy Act, as amended by Act May 27, 1926, § 9 (11 USCA § 47 (b). The decision upon this application was postponed until the hearing of the cause before this court.

■ We have held in Wilkerson v. Cooch, 78 F.(2d) 311 (June 17, 1935), that the allowance of the appeal by the District Court in such proceeding does not confer jurisdiction on this court, and for that reason the appeal must be dismissed.

■ The next question is whether or not an appeal should be allowed by this court in pursuance of a petition heretofore filed. Such an order is wholly within the discretion of this court. The sole question sought to be presented by the appeal is a mixed question of law and fact, namely, whether or not the petitioner is a farmer within the meaning of the Bankruptcy Act. We cannot review questions of fact on an appeal from proceedings in bankruptcy. Consequently, unless there is no substantial evidence to support the conclusion of the trial judge, an appeal under 24b, as amended (11 USCA § 47 (b), would be unavailing. We have examined the record, and conclude that in the exercise of our discretion the appeal should not be allowed by us. Petition for appeal will be denied.

■ One other point requires consideration. On April 22, 1935, upon stipulation of the Prudential Insurance Company of America, one of the appellees, and the appellant, this court made an order authorizing the insurance company to collect rents from the California Bank, one of the tenants of the premises at 146 South Spring street in Los Angeles, to be applied toward the payment of taxes, insurance, and interest; the balance, if any, to be applied to the indebtedness due the Prudential Insurance Company. It was further provided in the order that the appellant, Harris, should be allowed to collect the rentals from all other tenants of said premises and apply them to the maintenance and operation of the premises. On May 29, 1935, the appellant filed an application herein alleging that on May 6, 1935, an attachment was levied upon the rentals of the premises located at 146 South Spring street by William Levison, an assignee of Thomas F. McCue, and praying that Levison be restrained from enforcing his attachment. No notice has been given Levison of said application. Inasmuch as we have no jurisdiction of the appeal allowed by the District Court and decline to take jurisdiction upon the petition for appeal presented to us, we deny the application.

Appeal dismissed.