## BLEVINS v. BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N.

### No. 8392.

Circuit Court of Appeals, Ninth Circuit.

July 19, 1937.

Rehearing Denied Aug. 30, 1937.

594

Brown & Ford, of Colusa, Cal., and Fletcher A. Cutler, of San Francisco, Cal., for appellant.

Louis Ferrari, G. D. Schilling, Henry B. Martin, Jr., and D. Bianco, all of San Francisco, Cal. (Keyes & Erskine, of San Francisco, Cal., of counsel), for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

The debtor appellant in his petition for the allowance of the appeal properly describes, in part, the proceedings below, as follows:

On the 24th day of June, 1936, the debtor, a farmer, filed in the United States District Court for the Northern District of California, Northern Division, a petition to proceed under section 75 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 203) to effect a composition or extension of time to pay his debts under said section 75; that thereafter the court duly approved the petition and referred the matter to a Conciliation Commissioner of the county of Colusa, to take such further proceedings therein as required by said section.

On the 28th day of May, 1936, the Bank of America National Trust & Savings Association, a judgment creditor of said debtor, caused an execution to be issued, directed to the sheriff of said Colusa county, with instructions to levy upon and sell at execution sale all of the right, title, and interest of the debtor in and to certain real property situated in Colusa county, and included in the inventory of the debtor as returned and filed under said section 75 of the Bankruptcy Act.

On the 26th day of June, 1936, the Conciliation Commissioner issued a restraining order directed to said sheriff and said Bank of America National Trust & Savings Association, restraining and enjoining them, and each of them, from selling any real or personal property, live stock, or farming equipment of the debtor until the further order of the court. Thereafter the said

Bank of America National Trust & Savings Association, said judgment creditor of the debtor, petitioned the District Court for a modification of the restraining order of said Conciliation Commissioner restraining and enjoining the said creditor and the sheriff of Colusa county from selling certain real property of said debtor, so as to permit the sheriff of said county of Colusa to conduct said sale and further providing that immediately after said sale the said judgment creditor, or any purchaser of the property at said execution sale, be restrained from making any further disposition of the property until the determination of the said proceeding, or until the further order of the court. Thereafter the District Court granted the petition and by its order modified the restraining order issued by the Conciliation Commissioner to permit the execution sale of said real property belonging to the debtor to be held in accordance with the notice of sale of the sheriff of Colusa county theretofore advertised and posted on the 29th day of June, 1936, at the hour of 10 o'clock a. m., but enjoining the purchaser of said execution sale from making any further disposition of the real property purchased at said sale until the further order of the court, or until the final disposition of the proceedings in the matter of said debtor pending in said court.

Thereafter, in pursuance of the said modification of said restraining order of said Conciliation Commissioner of said court, the sheriff of Colusa county did, on June 29, 1936, sell at execution sale the said real property of the debtor, the purchaser of said property at said sale being the Bank of America National Trust & Savings Association. That thereafter the said debtor filed his petition in said court for an order requiring said judgment creditor Bank of America National Trust & Savings Association, to show cause why the said sale should not be vacated and set aside to allow said debtor to enter into a composition or extension of time with his creditors. That thereafter the court in accord with said petition duly issued an order to show cause why said petition of said debtor should not be granted.

Thereafter the said Conciliation Commissioner filed his report in said court recommending that the order to show cause on debtor's petition be heard and determined because said sale of said real property of the debtor would materially affect his offer of composition and extension of time

with his creditors. Said petition of said debtor and order to show cause came on for hearing before said court and the matter being submitted to the court (on October 28, 1936,) it made its order in words and figures following:

"* * * it is ordered [1] that the order to show cause why debtor's petition to revoke the sale of certain property herein should not be granted be and the same is hereby discharged, [2] that the petition, be and the same is hereby dismissed, and [3] the sale be and the same is hereby confirmed; and it appearing that this Court has no jurisdiction in this matter, [5] it is further ordered that the proceedings herein under section 75 of the Bankruptcy Act be and the same are hereby dismissed and [4] that the former restraining order prohibiting the further disposition of the property in question by the vendee thereof be and the same is hereby revoked."

It will be noted that the order (5) is for the dismissal of the debtor's proceeding under section 75 of the Bankruptcy Act in its entirety. It was admitted at the hearing that the time for appeal on this order has expired and that no action regarding it has been taken, other than shown in the record before us.

The petition for the appeal excludes this fifth order from its prayer and seeks appeals only from the other four orders. The petition is as follows:

"R. E. Blevins, a farmer, the debtor above named, feeling aggrieved by the order of the United States District Court in and for the Northern District of California, Northern Division, [A] in granting the petition of Bank of America National Trust and Savings Association, a judgment creditor of said debtor for modification of restraining order issued by the Conciliation Commissioner of Colusa County to permit an execution sale of the real property of said debtor, and also [1] discharging and dismissing the order to show cause why debtor's *petition to revoke the sale of said property* should not be granted, and [2] dismissing *said petition* and [3] confirming

said sale, and [4] in revoking the former restraining order issued by said court prohibiting the further disposition of the real property of said debtor by the vendee at the execution sale of said property, does hereby petition for an appeal from said order *for the reasons set forth in the assignment of errors filed herewith*, and prays that his appeal be allowed[1]. * * *"

The "reasons set forth in the assignment of errors" and the assignments themselves make no mention of the fifth order dismissing the entire proceeding, but they are confined to the other four prior orders.

The "Assignment of Errors" (6) is that the District court "erred in its order that the *proceedings herein* under section 75 of the Bankruptcy Act to *vacate said sale* be dismissed." (Italics supplied.)

This clearly refers to the first of the orders which was for such dismissal of the proceeding to vacate the sale and from which order, prior to the final dismissal of the entire bankruptcy, an appeal was taken.

Our order allowing the appeal refers to a district court order of October 28, 1936. There were five orders on that date. The fifth was the dismissal of the entire proceedings for which the allowance of the appeal was not petitioned. We cannot construe our order of allowance to be for more than that for which appellant petitioned. It is elementary that when a litigant does not, by appeal proceedings, complain of an adjudication by the lower court an appellate court cannot on its own motion create an appeal divesting the lower court of power to act or destroying the effect of its adjudication.

Since there is not only no assignment of error but no appeal at all from the order dismissing the entire proceeding, the appeal from the four prior orders is moot. Trico Products Corp. v. E. A. Laboratories, Inc. (C.C.A.-2) 71 F.(2d) 680; City of Coeur D' Alene v. Washington Water Power Co. (C.C.A.-9) 79 F.(2d) 461.

The appeals are therefore dismissed.

[1] Appellant made a prior attempt to appeal upon a petition to the District Court which contained no more than the above petition to this court. Appellant's brief admits that the orders appealed from are proceedings in bankruptcy and not controversies, and relies upon the petition and allowance of appeal by this court, citing Harris v. Prudential Ins. Co. of America (C.C.A.-9) 78 F.(2d) 849.