**In re COUNTRY CLUB BLDG. COR-
PORATION.**

**MURPHY v. COUNTRY CLUB BLDG.
CORPORATION.**

**No. 7895.**

Circuit Court of Appeals, Seventh Circuit.

May 7, 1942.

Harry A. Biossat, of Chicago, Ill., for appellant.

Thos. C. McConnell and Conrad D. Philos, both of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from orders, entered September 22, 1941, and October 3, 1941, awarding judgment against the appellant and in favor of appellee as reimbursement for compensation awarded a Special Master and paid by appellee in a section 77B, Bankr.Act 11 U.S.C.A. § 207, reorganization proceeding. The order entered on the latter date is merely a confirmation of the former order, except that it reduces the amount of the judgment.

The instant appeal is a sequence of a controversy initiated by appellant, et al., against Edward I. Bloom, et al., in a proceeding for the reorganization of the debtor corporation. That controversy was before this court and decided adversely to the appellant in the instant case, who was also an appellant in that case. In re Country Club Building Corporation, 7 Cir., 91 F.2d 713. There is no occasion to repeat the facts and issues therein related which furnish the background for the question now presented.

In the beginning, we are faced with the contention that this court is without juris-

diction to entertain the appeal. A motion to dismiss was made January 28, 1942, which was denied without prejudice to the right of renewal at a hearing on the merits. Appellee now reiterates its jurisdictional contention.

Appellant sought to perfect his appeal by filing notice thereof in the District Court on December 5, 1941, more than thirty days subsequent to the entry of the order appealed from, and without permission of this court to prosecute his appeal. Section 250 of the Chandler Act, 11 U.S.C.A. § 650, provides the method of taking an appeal from "orders making or refusing to make allowances of compensation or reimbursement" and that such appeal may "be taken to and allowed by the circuit court of appeals." That this provision, where applicable, must be complied with in order to confer jurisdiction, has been decisively adjudicated. Dickinson Industrial Site v. Cowan, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819; R. F. C. v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364. Appellee also relies upon Section 25 sub. a of the Chandler Act, 11 U.S.C.A. 48 sub. a, which requires the taking of an appeal within thirty days after the entry of the order or decree complained of. That this requirement, if applicable, is also jurisdictional, can not be doubted. In re Interstate Oil Corp., 9 Cir., 63 F.2d 674; In re Fox West Coast Theatres, 9 Cir., 88 F.2d 212, 221; Shreiner et al. v. Farmers' Trust Company of Lancaster, 3 Cir., 91 F.2d 606, 607.

Appellant tacitly concedes that these provisions are controlling, if applicable, but denies their applicability to the instant situation. In order to escape the former, it is argued that the order appealed from was not "making or refusing to make allowances of compensation or reimbursement" and, to escape the latter, argues that the order appealed from was not entered in the reorganization proceeding.

A brief statement of the facts relative to the order appealed from demonstrates, so we think, that neither contention is tenable. The cost incurred in the litigation was taxed against the appellant, the losing litigant, as the result of our former opinion. On December 28, 1937, subsequent to that decision, the claim of the Special Master for services rendered by him was allowed, with directions for its payment by the debtor corporation, which was done. The order provided: "* * * This order shall be without prejudice to the rights of the debtor, if any, to proceed in any proper action against any party or parties against whom the said fees and expenses have been or may be, assessed in whole or in part as costs."

As stated by appellant in his brief—"* * Of course, the question of the amount of the master's fee is not before this court, the question being as to whether appellant is liable to appellee for the amount paid by appellee under the terms of said order." We might add that insofar as the jurisdictional question is concerned, the merits of the controversy as to whom the Master's fees should have been taxed, is not material. The undisputed fact is that the Master's fees were taxed as costs, directed to be paid by the debtor with the right reserved to proceed against appellant for reimbursement. The order appealed from awards the debtor a judgment against appellant for the Special Master's claim paid by the debtor under the circumstances related.

Was this an order within the statutory language "making or refusing to make allowances of compensation or reimbursement"? We think it was. It is argued by appellant that "reimbursement" applies only to a claim paid by a third party, and that in such instance, the third party may be reimbursed by the debtor. We see no reason, however, why a debtor who has paid a claim chargeable to a third person should not have the same right of reimbursement against such person as would the third person have against the debtor in the instance where the claim was paid by the former, but properly chargeable to the latter. Such being the case, Section 250 is applicable and the appeal could have been properly taken only by permission of this court.

We also think plaintiff is in error in his contention that he had three months to perfect his appeal, as is provided by Section 230, 28 U.S.C.A., rather than the thirty day period provided by Section 48 sub. a, 11 U.S.C.A. This is dependent, of course, upon the premise as to whether the order appealed from was a final judgment within the meaning of the former provision, or an order in the reorganization proceeding within the meaning of the latter provision.

It is true, as pointed out by appellant, that a final decree was entered in

the reorganization proceeding December 2, 1938, prior to the entry of the order appealed from. This decree, however, expressly reserved jurisdiction for the "purpose of determining the question of whether or not costs should be assessed against John Murphy (instant appellant) et al., bondholder claimants herein, in the Matter of the Petition of Murphy et al. v. Bloom et al. It is true also that at the time of the entry of this decree the costs included in the order appealed from had been allowed and paid by the debtor. Notwithstanding this, however, we think the reservation in the final decree was such that the court retained jurisdiction of an action seeking reimbursement from appellant for such payment by the debtor. The order appealed from is therefore one entered in the reorganization proceeding, an appeal from which was only allowable within thirty days from the date of its entry.

It follows from what we have said that this court is without jurisdiction to entertain the appeal and for that reason appellee's motion to dismiss is allowed.