[Civ. No. 15298. Second Dist., Div. Three. Feb. 27, 1947.]

WAYNE D. CROOK, Respondent, v. DEPARTMENT OF EMPLOYMENT OF THE STATE OF CALIFORNIA et al., Appellants.

Robert W. Kenny, Attorney General, Clarence A. Linn and Doris H. Maier, Deputy Attorneys General, for Appellants.

Hervey & Hervey for Respondent.

DESMOND, P. J.—The trial court, by its judgment in this case, ordered a refund to plaintiff in the sum of $350.09 which in behalf of himself and Bertha A. Crook he had paid under protest as unemployment insurance contributions (and interest thereon) for the period August 19, 1941, to September 30, 1942. The California Employment Stabilization Commission takes this appeal as a party directly interested and claims that the amount collected was properly due under the provisions of the California Unemployment Insurance Act. As a basis for this claim the appellant cites certain sections of the act, including section 9 (a), section 8.5 and section 38. Section 9 (a) defined as "Employer" as "Any employing unit, which . . . has within the current calendar year or had

within the preceding calendar year in employment four or more individuals. . . ." Section 8.5 provides that an " 'Employing unit,' as used in this act, means any individual or type of organization, including any partnership, association, trust, estate, joint stock company, insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has, or subsequent to January 1, 1936, had, in its employ one or more individuals performing services for it within this state. All individuals performing services within this state for any employing unit which maintains two or more separate establishments within this state shall be deemed to be employed by a single employing unit for all the purposes of this act." Section 38 provided that every employer should pay into the unemployment fund contributions equal to certain fixed amounts: "the contributions required to be paid by every employer . . . shall be payable only upon $3,000 or less of wages earned in any calendar year by any worker employed by such employer."

█ It is contended by appellant that under these sections the commission was entitled to levy the questioned assessment on the ground that three different entities are involved as employers. The first of these is described by appellant as "Crook Company, *a partnership,* prior to February 13, 1940, composed of E. I. Crook and Wayne D. Crook"; the second, as "Wayne D. Crook, subsequent to February 13, 1940, *the personal representative* of E. I. Crook, deceased"; the third, as "Crook Company, *a partnership,* subsequent to order of distribution in the estate of E. I. Crook, deceased, dated August 18, 1941, composed of Wayne D. Crook and Bertha A. Crook, distributee of the estate of E. I. Crook, deceased." Upon this theory of succession it is argued that a change of entity in the employing unit took place when E. I. Crook died on February 13, 1940, and also when the services of Wayne D. Crook, as his executor, were terminated on August 19, 1941, the court at the same time ordering distribution of the entire estate of E. I. Crook to his widow. The contrary claim of the respondent is that there was only one change of entity during the period involved, namely, when the death of E. I. Crook occurred.

It is assumed by both parties that the limitation of contributions by employers to certain percentages of $3,000 or less

of wages earned in any calendar year by a worker does not apply, if during the year there is a change of employers or, in the present case, a change of entity, which, it is assumed, would be a change of employers. Respondent does not question the right of appellant to make an assessment against each separate employer at the statutory rate upon wages paid by such employer up to the sum of $3,000. Appellant's position is stated as follows: "In assessing the additional contributions on the remuneration received by the employees of Crook Company, it was appellant's theory that each change in the composition of the partnership with the resulting change in the operation thereof constituted a new entity for purposes of the Unemployment Insurance Act and the amounts received by the respondent's employees were not wages received from any single employer within the meaning of Section 38 (c) and were therefore taxable." The controversy which was presented at the trial and is presented here relates solely to the assessment for the period commencing with the distribution of the estate to Bertha A. Crook.

The conflict between these two positions with reference to this period may be noted in a consideration of two documents which appear in the record, namely, a stipulation of facts and the protest which Wayne D. Crook filed.

From the written stipulation entered into by the parties and filed with the court it appears "That prior to the thirteenth day of February, 1940, Crook Company was a co-partnership owned in equal shares and operated by E. I. Crook and Wayne D. Crook; that E. I. Crook died on the thirteenth day of February, 1940, leaving a will, which after due and lawful proceedings in the Superior Court of the State of California in and for the County of Los Angeles was admitted to probate under Probate No. 192779; that thereafter said Wayne D. Crook was appointed executor of said will and as such executor for the period from approximately March 26, 1940, to August 18, 1941, carried on the business of said Crook Company under court order; that on or about the 18th day of August, 1941, a final decree of distribution was signed in said estate proceedings distributing all of the assets of the estate of E. I. Crook including an undivided half interest of said estate in said Crook Company to Bertha A. Crook, the widow of said decedent. . . . That upon the death of E. I. Crook, as aforesaid, the defendants determined that there was a change of entity in said Crook Company by reason of said

death and it is stipulated by counsel for plaintiff that such determination was and is correct. . . . That a determination was made by the said defendants that by reason of the distribution of the assets of the estate of E. I. Crook and the termination of the court order allowing Wayne D. Crook as executor to carry on the business of the estate on the 18th day of August, 1941, there was a change of entity in said Crook Company; that in this determination plaintiff does not acquiesce.'' It further appears from the stipulation that the defendants, acting upon the last mentioned determination, levied and collected an assessment against plaintiff and Bertha A. Crook for an additional employer's contribution claimed to be due for the period August 19, 1941, to September 30, 1942, in the amount of $307.49 and collected also the sum of $42.60, constituting interest on the larger sum, and making a total of $350.09.

The protest against the assessment, copy of which is attached to plaintiff's complaint, was signed and sworn to on March 1, 1943, by ''Wayne D. Crook, doing business as Crook Company,'' and in the body thereof it is stated (paragraph I) that ever since October 25, 1942, he has been the sole owner of that company. ''II. That for the period from the 13th day of February, 1940, to the said 25th day of October, 1942, said Crook Company was a co-partnership composed of and owned by Wayne D. Crook and Bertha A. Crook. . . . V. That Bertha A. Crook died on the 25th day of October, 1942, leaving a will which was duly admitted to probate in the Superior Court of the State of California in and for the County of Los Angeles, and by the terms of which said will all her property was bequeathed and devised to Wayne D. Crook. VI. That, for grounds of protest to the payment of said assessment and interest thereon, the said Wayne D. Crook specifies: (a) That said assessment has been levied by the Department of Employment on the ground that at the time of the distribution of the assets constituting the estate of E. I. Crook, deceased, namely: on the 19th day of August, 1941, there was a change of ownership of the said business being conducted under the name of Crook Company; that such ground of assessment is erroneous and unwarranted and without basis in law, in that there was no change of ownership in said business at said time. (b) That changes of ownership occurred in the said business being conducted under the name

of Crook Company only at the respective dates of death of E. I. Crook and Bertha A. Crook.''

We notice particularly paragraph II of this protest in which the affiant stated that ''for the period from the 13th day of February, 1940, to the said 25th day of October, 1942, said Crook Company was a copartnership composed of and owned by Wayne D. Crook and Bertha A. Crook.'' It is apparent from this statement, which is nowhere contradicted and which presumably is reflected in Wayne's account in the probate proceedings, that immediately upon his brother's death, he, as surviving partner, took into partnership the widow of E. I. Crook, sole beneficiary of his will. This is contrary to the contention of appellant that the third employer or employing unit consisted of a partnership which came into existence ''subsequent to order of distribution in the estate of E. I. Crook, deceased,'' and gives support to the argument of respondent that ''Bertha A. Crook was the vested owner of said one-half interest in Crook Company forthwith upon the death of E. I. Crook. The only effect of the decree of distribution in said estate was to terminate the possession of the executor and to terminate the control of the Superior Court for the purpose of administration. There was no change in the actual business itself or in the relationship of the employees of the business to the employer.''

In stating that ''there was no change of ownership in said business'' at the time distribution of E. I. Crook's estate was decreed, respondent relies upon section 300 of the Probate Code, reading as follows: *''Title to decedent's estate. Possession.* When a person dies, the title to his property, real and personal, passes to the person to whom it is devised or bequeathed by his last will, or, in the absence of such disposition, to the persons who succeed to his estate as provided in Division II of this code; but all of his property shall be subject to the possession of the executor or administrator and to the control of the superior court for the purposes of administration, sale or other disposition under the provisions of Division III of this code, and shall be chargeable with the expenses of administering his estate, and the payment of his debts and the allowance to the family, except as otherwise provided in this code.'' This section undoubtedly furnished the basis for the statement in *Noble* v. *Beach* (1942), 21 Cal. 2d 91 [130 P.2d 426] that ''It is well settled that the estate of a decedent vests, subject to administration, in his heirs or devisees and legatees immediately upon his death. . . .'' In

the earlier case, *Estate of Yorba* (1917), 176 Cal. 166 [167 P. 854], the court says (p. 169): "Under our system of law, the property of a decedent passes, upon his death, to his heirs or devisees. They take at once by inheritance, or by the terms of the will. Their title does not originate in the decree of distribution. . . ."

As already noted, respondent does not question the validity of the assessment that was made following the death of E. I. Crook, when his widow became vested with his interest in the business. We are in agreement with the trial court that no further change of entity occurred when the decree of distribution was entered, as recognition of Bertha A. Crook's title, and that the assessment which followed that event was not legal.

In the light of authorities last quoted and under the circumstances of this case it would appear that to sanction the collection of this additional assessment would come perilously close to approving the principle of double taxation.

The judgment is affirmed.

Shinn, J., and Wood, J., concurred.