STATE OF CALIFORNIA, DEPARTMENT OF EMPLOYMENT, v. FRED S. RE-NAULD & CO. et al.

No. 12198.

United States Court of Appeals
Ninth Circuit.

Jan. 12, 1950.

Fred N. Howser, Attorney General, Chas. W. Johnson, Vincent P. Lafferty, Deputy Attorney Gen., for appellant.

Rupert B. Turnbull, Los Angeles, Cal., for appellee Fred S. Renauld & Co.

George Gardner, Los Angeles, Cal., for appellee George Gardner.

Before STEPHENS and BONE, Circuit Judges, and BLACK, District Judge.

STEPHENS, Circuit Judge.

This is an appeal from an order of the district court upon a petition for review affirming the order of a referee in bankruptcy. The proceedings were under Chapter XI, sections 301–399, of the Bankruptcy Act, 11 U.S.C.A. §§ 701–799, and an order confirming the debtor's plan of arrangement

had been entered. The facts are presented to us on appeal in an agreed statement pursuant to Rule 76, Federal Rules of Civil Procedure, 28 U.S.C.A. Appeal to this Court was [sought to be] taken by notice of appeal filed in the district court.

The referee disallowed in part a claim asserted against the debtor by the Department of Employment of the State of California, in the amount of $1,503.98 for taxes arising under the California Unemployment Insurance Act. 3 Deering's General Laws of California, Act 8780d. The part of that amount which was disallowed and which is the subject of this appeal is $454.99.

The dispute arises over interpretation of the exemption from taxation of wages in excess of $3000 paid in any calendar year. 3 Deering's General Laws of California, Act 8780d, § 11(c) (1).

The Fred S. Renauld & Co. corporation is the successor to a partnership, and its stock is held by the former partners in the same proprietary interest as their interests in the partnership. The corporation continued uninterruptedly in the same business at the same place, and generally speaking the employees were the same. The State claims that contributions should have been made on the basis of the partnership status up to the date of conveyance of the business to the corporation [July 1, 1946] and that contributions from such date should have been made by the corporation on the first $3000 of wages paid to each of its employees although such employees previously and within the same calendar year, as employees of the partnership, had been paid $3000 in wages. The differential is $454.99.

Section 24, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 47, sub. a, provides: "That when any order, decree, or judgment involves less than $500, an appeal therefrom may be taken only upon allowance of the appellate court." See also Rule 42 of this Court; O'Brien's Manual of Federal Appellate Procedure, Fourth Cumulative Supplement, p. 123. This appeal involves less than $500. See In re Harris, 9 Cir., 1935, 78 F.2d 849; England v. Ducasse, 9 Cir., 1939, 104 F.2d 760; In re Henry R. Dabney Oil Co., 9 Cir., 1940, 110 F.2d 652; Shulman v. Wilson-Sheridan Hotel Co., 1937, 301 U. S. 172, 57 S.Ct. 680, 81 L.Ed. 986. Appellant did not secure or petition for the required leave to appeal.

▇▇ Until Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 1941, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364, the tenor of U. S. Supreme Court decisions in the matter of permissive appeals indicated lack of jurisdiction in the U. S. Circuit Court of Appeals [now U. S. Court of Appeals] to entertain an attempted appeal in the circumstances obtaining here. See Alaska Packers Ass'n v. Pillsbury, 1937, 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988; Dickinson Industrial Site v. Cowan, 1940, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819. In the R.F.C. case, supra, it was said, concerning a provision [§ 250] of the Bankruptcy Act similar in requiring allowance of appeal by the appellate court, "* * * Normally the Circuit Court of Appeals would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient. But the defect is not jurisdictional in the sense that it deprives the court of power to allow the appeal. The court has discretion, where the scope of review is not affected, to disregard such an irregularity in the interests of substantial justice. * * * The failure to comply with statutory requirements * * * is not necessarily a jurisdictional defect. * * * "[1] We feel, however, as do other

1. R. F. C. v. Prudence Securities Advisory Group, 1941, 311 U.S. 579, 582, 61 S.Ct. 331, 333, 85 L.Ed. 364. The exact holding was that the circuit court of appeals had power to allow the appeals. Two justices concurred on the ground that although it was their opinion that "timely application to the circuit court of appeals for leave to appeal is a jurisdic- tional requirement" which cannot be reduced to a "mere procedural irregularity", under the circumstances reversal was justified "by our broad power to make such disposition of the case as justice requires," a power appropriate in rare instances "for curing even jurisdictional defects." Id., 311 U.S. at page 583, 61 S.Ct. at page 333.

Circuits[2] that such requirements are to be relaxed allowing informal substitute only where a special equity exists as in the R. F. C. case; there, the petitioners had been misled by mistaken circuit court of appeals decisions reliance upon which in effect forfeited their right to appeal.[3]

Upon an opinion in the above language filed October 3, 1949, we ordered the appeal dismissed because permission to appeal had not been requested of us. Thereafter appellant presented a petition for rehearing in which "exceptional circumstances" were for the first time urged which, it was argued, should move us to consider the notice of appeal filed in the trial court as an informal substitute for the application to this court. Bankruptcy Act § 24, 11 U.S. C.A. § 47.

◼ The exceptional circumstance claimed is that the construction which will be placed upon a section of the California Unemployment Insurance Act, 3 Deering's General Laws, Act 8780d, will rule the actions of California officials in this case and in many additional instances. [Why the matter has not been presented to the high California courts we are not informed.] In addition to the money herein involved it is apparent that the point for decision is of considerable importance to the state tax structure and of importance in relation to the federal bankruptcy act and its administration in the federal courts.[4] We believe

these circumstances justify our proceeding to consider the case on its merits.

◼ The merits of the point raised have already been decided in appellee's favor in two California court decisions and if these decisions are to be taken as defining the state law, we must, of course, follow them. Vanston Bondholders Protective Committee v. Green, 1946, 329 U.S. 156, 161, 67 S. Ct. 237, 91 L.Ed. 162. If they do not, it becomes our duty to define the law as we view it.

◼ Where concurrent jurisdiction exists as to federal and state courts, federal courts will be called upon from time to time to rule on substantive state law. While they usually do so reluctantly they must do so even though the state courts may later take a contrary view. State of Texas v. Florida, 1939, 306 U.S. 398, 59 S.Ct. 563, 830, 83 L.Ed. 817, 121 A.L.R. 1179.

In California Employment Commission v. Ransohoff's Inc., (Municipal Court, San Francisco, No. 169784, Appellate Department of Superior Court No. 1618 (1944) the Appellate Department of the Superior Court of the State of California in and for the City and County of San Francisco reversed the San Francisco Municipal Court which had held as appellant here argues that we should hold. In J. F. Barrett and Harry H. Hilp v. California Employment Commission (Superior Court, San Francisco, No. 341890 (1945) ), the San Francisco Superior Court (trial department) held in

---

2. Hammond-Knowlton v. United States, 2 Cir., 1941, 121 F.2d 192, 206; In re Country Club Bldg. Corp., 7 Cir., 1942, 128 F.2d 36, 37; Benitez v. Ferran's Estate, 1 Cir., 1944, 143 F.2d 435, 436; Ross v. Drybrough, 2 Cir., 1945, 152 F. 2d 427, 428; Cohen v. Casey, 1 Cir., 1945, 152 F.2d 610, 612; Federal Deposit Ins. Corp. v. Congregation, 2 Cir., 1946, 159 F.2d 163, 165–166.

R. F. C. v. Prudence Securities Advisory Group, 1941, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364, is distinguished as presenting a different question in Georgia Hardwood Lumber Co. v. Compania, 1945, 323 U.S. 334, 336, note 2, 65 S.Ct. 293, 89 L.Ed. 280, one sense of which would accord with our interpretation of the former.

3. "* * * it would be extremely harsh to hold that petitioners were deprived of their right to have the court exercise its discretion on the allowance of their appeals by reason of their erroneous reliance upon the permanency of London v. O'Dougherty, supra (2 Cir., 102 F.2d 524)." R. F. C. v. Prudence Securities Advisory Group, 1941, 311 U.S. 579, 582–583, 61 S.Ct. 331, 333, 85 L.Ed. 364.

4. That we are here concerned with a statutory provision written into California law verbatim from a federal statute is a further inducement for our consideration of the case on its merits. See I.R.C. § 1607 (b) (1), 26 U.S.C.A. § 1607 (b) (1). Apparently no federal court has had occasion to construe the federal statute in these circumstances.

accordance with the Appellate Department in the Ransohoff case.

■ The Superior Court is a state-wide trial court manned by at least one judge in and for each county of the state. Judges in and for the several counties may be designated by the Chief Justice of the Supreme Court to hold court in the different counties of the state. Cases tried in the Superior Courts may be reviewed by the District Courts of Appeal and by the Supreme Court. Judgments of Municipal Courts and other inferior courts in districts where Municipal Courts are established, are reviewable by the Appellate Department of the Superior Court but are not further appealable. Johnston v. Wolf, 1929, 208 Cal. 286, 280 P. 980; Nelson v. Darling, 1930, 103 Cal.App. 523, 284 P. 1095. The Appellate Department of the Superior Court is an appellate court consisting of three Judges of the Superior Court designated by the Chief Justice of the Supreme Court.

■ We think the rationale of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 and cases following, including King v. United Commercial Travelers, 1948, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608, and under the conformity doctrine, is that federal courts are bound (a) when the supreme judicial tribunal of the state has decided a given question,[5] or (b) a state appellate court which is in the line of the state appellate structure leading up to the supreme tribunal of the state has decided it,[6] or (c) a goodly number of the trial courts of the state generally and for a considerable period of time have adhered to a common interpretation of the point.[7] Neither of the cited California decisions is binding on any other court of the state excepting only that the Superior Court Appellate Department decision may be said to be binding on other Municipal Courts of the county in which the decision was had.

■ It is our opinion that neither of the California cases cited falls within either of the categories mentioned and neither, nor both of them together, bind the federal court.[8]

■ While of course the tax is laid for the benefit of workmen against hardship in times of unemployment, the tax is drawn in the form of an excise on the employer for every individual employed. Steward Machine Co. v. Davis, 1937, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293; Gillum v. Johnson, 1936, 7 Cal.2d 744, 62 P.2d 1037, 63 P.2d 810, 108 A.L.R. 595. Every employer, no matter the form, is an "employing unit" § 8.5 and § 9, Califor-

5. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817.

6. Six Companies v. Joint Highway District, 1940, 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114; West v. American Tel. & Tel. Co., 1940, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956; Stoner v. New York Life Ins. Co., 1940, 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284.

7. Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; King v. United Commercial Travelers, 1948, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608.

8. It is interesting, both as to whether the two cases cited must be taken as the law of California and as to the proper solution of the merits, to note the case of Crook v. Department of Employment, 1947, 78 Cal.App.2d 308, 177 P.2d 634.

In that case the controverted issue was determined upon the assumption both by the trial court and the District Court of Appeal and by counsel that a change of the individuals interested in the partnership "employing unit" occurred at the death of one of the partners and the vesting of his interest in his widow by operation of law, although the business continued to be operated as before and the same employees were concerned. The assumption mentioned was of course contrary to and in spite of the view taken by the courts in California Employment Commission v. Ransohoff's Inc. (Municipal Court, San Francisco, No. 169784, Appellate Department of Superior Court No. 1618 (1944) and in J. F. Barrett and Harry H. Hilp v. California Employment Commission, (Superior Court, San Francisco, No. 341890, (1945) ).

nia Unemployment Insurance Act, supra. The tax is defined as follows:

"§ 11. (a) Except as hereinafter in this section provided the term 'wages' means:

"(1) All remuneration payable for personal services * * *."

"(c) If, when, and during such time as the definition of the term 'wages,' as contained in the Federal Unemployment Tax Act excludes from 'wages' any one or more of the following types of payments, then such type or types of payments as are so excluded shall likewise be excluded from the definition of wages as contained in subsection (a) of this section:

"(1) That part of the remuneration which, after remuneration equal to three thousand dollars ($3,000) has been paid to an individual by an employer with respect to employment during any calendar year is paid after December 31, 1939, and prior to January 1, 1947, to such individual by such employer with respect to employment during such calendar year; or that part of the remuneration which, after remuneration equal to three thousand dollars ($3,000) with respect to employment after 1938, has been paid to an individual by an employer during any calendar year after 1946, is paid to such individual by such employer during such calendar year; * * *." § 11, California Unemployment Insurance Act, supra.

It is the employing unit which pays the tax and it seems very clear to us that Regulation 65 of California Administrative Code, Title 22, correctly interprets the Act: "If remuneration paid for subject employment performed for an employer during any calendar year exceeds $3,000, the taxable wage shall not include that part of such remuneration which is in excess of the first $3,000 paid. If the employee works for more than one employer during the calendar year, each of his employers shall include as wages the first $3,000 paid to such employee with respect to subject employment during such calendar year * * *."

As to the weight to be given administrative interpretation see National Labor Relations Board v. Hearst Publications, 1944, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170; Coca Cola Co. v. State Board of Equalization, 1945, 25 Cal.2d 918, 156 P.2d 1. As stated in the regulation, the statute lays taxes upon each employer doing business in the tax year upon the basis of its employees.

Even if the statute would seem ambiguous as to its meaning the interpretation given it by appellee should be avoided if reasonably possible because of the extreme difficulty of administration that would be presented. Under such construction tax assessors would be under the duty of examining transfers occurring during the tax year from one form of the employing unit to another form thereof, upon the basis of the beneficial ownership and the conduct of the business. Whether the new ownership would be considered the continuance of the old for tax purposes would raise many troublesome questions and much litigation would result. Construction strictly upon the wording of the statute and upon the quoted administrative regulation makes the meaning of the law simple and its administration practical.

We hold that the employing unit to whom a business is transferred during a tax year must report to the authorities and pay tax upon the basis of each employee without regard to the relation the new unit bore to the old one.

Reversed.

BLACK, District Judge concurring.

I concur in the reversal. Under the facts here presented the predecessor partnership and the succeeding corporation constituted two employers. Pursuant to Regulation 65 quoted by Judge Stephens each of said two employers was required to pay the tax upon the first $3,000 paid. Those who had originally made up the partnership determined to avail themselves of the advantages of a corporation. Since such advantages come to the corporation upon the theory that it is a new entity such new entity should be subject to the tax burden here involved.