[Civ. No. 18760.   Second Dist., Div. Two.   July 17, 1952.]

McHENRY'S, INC., Appellant, v. CALIFORNIA EMPLOY-
MENT STABILIZATION COMMISSION, Respondent.

Todd W. Johnson, Edward D. Robertson and Donald C.
McGovern for Appellant.

Edmund G. Brown, Attorney General, Irving H. Perluss,
William L. Shaw and Vincent P. Lafferty, Deputy Attorneys
General, for Respondent.

McCOMB, J.—The trial court gave judgment to plaintiff
for the amount of wage earner contributions paid by it under
protest, and for costs, but denied interest on such payment.
To recover such interest as well as the employer contributions
(for which judgment was denied plaintiff), plaintiff has ap-
pealed. Defendant has appealed from the portion of the judg-

ment providing for the recovery of the wage earner contributions paid under protest.

*Facts:* Prior to July 1, 1946, Shelton A. McHenry and Bernice McHenry, husband and wife, wholly owned and operated a restaurant business under the name of McHenry's Tail o' the Cock. The capital of the business consisted of contributions of separate property by each spouse and of property acquired during their marriage through services of the respective parties.

On or about July 1, 1946, plaintiff acquired the entire business theretofore owned and operated by Shelton A. McHenry and Bernice McHenry as McHenry's Tail o' the Cock. On or about July 5, 1946, plaintiff issued stock certificate No. 1 to Bernice McHenry for 4,900 shares of its capital stock at a par value of $1.00 per share and on the same day issued stock certificate No. 2 to Shelton A. McHenry for 5,100 shares, which two certificates represented all the corporation's outstanding shares and which issuance was in the same proportion as their ownership of the predecessor business.

There was no change in type or location of the business after transfer to plaintiff. The actual management of the business was conducted by plaintiff in the same manner as it had been conducted during the operation of its predecessor. The identity of the business carried on under the same name was not altered or otherwise affected by the transfer to plaintiff.

There was no relevant or pertinent change of employees resulting from the transfer of the business except that after the succession thereto by the corporation the status of both Shelton A. McHenry and Bernice McHenry changed to being that of employees of the business, whereas prior thereto they were the proprietors. The relationship of the employees upon whose wages the tax under the California Unemployment Insurance Act is based, to the business, after acquisition thereof by plaintiff, was the same as it was prior thereto. The predecessors of plaintiff corporation paid all taxes due under the California Unemployment Insurance Act for the first and second quarters of the year 1946. Plaintiff filed returns with defendant for the third and fourth quarters of the year 1946, and in such returns the employment of the persons who had worked for plaintiff's predecessors during the year 1946 prior to the transfer of the business to plaintiff, and who continued to work for plaintiff was considered as one employment by plaintiff. Wages in excess of $3,000 paid during the calendar year 1946 to any one employee by either plaintiff's

predecessors or by plaintiff or both were by plaintiff considered exempt from tax under the California Unemployment Insurance Act.

On or about September 29, 1948, defendant made an assessment against plaintiff of additional taxes and interest totaling $511 with the explanation, "Wages paid by your predecessor were erroneously included in your computation of exempt wages in excess of $3,000." The sum of $513.31 was paid by plaintiff to defendant under protest on or about October 20, 1948; a claim for refund thereof was filed by plaintiff and denied by defendant; a petition for review of said claim and for refund was filed by plaintiff, and said review was granted and defendant issued its tax decision denying plaintiff's claim for refund.

All administrative remedies required by law were exhausted by plaintiff and the present action instituted. The trial court rendered judgment for plaintiff against defendant in the total sum of $205.34, and for costs in the sum of $16.50. The amount of $205.34 represents wage earner contributions in the amount of $184.95 plus interest applicable thereto which had been assessed against plaintiff and paid under protest.

The judgment did not include interest upon the amount of $205.34 from the time of payment on or about October 20, 1946. The trial court did not give plaintiff judgment for employer contributions in the amount of $277.43 plus interest thereon paid by plaintiff on or about October 20, 1946.

*Questions*: First: *Is a corporation which succeeds to the business of an individual required to pay unemployment insurance contributions on the first $3,000 of wages paid by the corporation when the sole change in the business is one of legal entity and when in the same calendar year the predecessor individual has paid unemployment insurance contributions on the first $3,000 paid to any one worker?*

*No.* In the instant case the change or or about July 1, 1946, was one of form and not substance and was in effect the continuation of an employing unit. The California Unemployment Insurance Act, 3 Deering's General Laws, Act 8780d, section 37, provides that "contributions" be made by employers to defendant. The section provides that contributions shall be based on "wages" paid by the employer.

The statute excludes from the definition of the term "wages" remuneration in excess of $3,000 paid to an individual by an employer in any calendar year. It reads in part:

"Sec. 11(a) Except as hereinafter in the section provided the term 'wages' means:

"(1) All remuneration payable for personal services, whether by private agreement or consent or by force of statute, including commissions and bonuses, and the cash value of all remuneration payable in any medium other than cash. . . .

"(c) If, when, and during such time as the definition of the term 'wages,' as contained in the Federal Unemployment Tax Act excludes from 'wages' any one or more of the following types of payments, then such type or types of payments as are so excluded shall likewise be excluded from the definition of wages as contained in subsection (a) of this section:

"(1) That part of the remuneration which, after remuneration equal to three thousand dollars ($3,000) has been paid to an individual by an employer with respect to employment during any calendar year is paid after December 31, 1939, and prior to January 1, 1947, to such individual by such employer with respect to employment during such calendar year; or that part of the remuneration which, after remuneration equal to three thousand dollars ($3,000) with respect to employment after 1938, has been paid to an individual by an employer during any calendar year after 1946, is paid to such individual by such employer during such calendar year;"

This construction has been sustained in well reasoned opinions by the appellate department of the superior court in and for the city and county of San Francisco in *California Emp. Com.* v. *Ransohoff, Inc. et al.*, C.C.H. Unemployment Insurance Reporter, California, par. 1205.115, and *Barrett et al.* v. *California Emp. Com.*, C.C.H. Unemployment Insurance Reporter, California, par. 1205.116. A like result has been reached by the Supreme Court of Illinois in *Karlson* v. *Murphy*, 387 Ill. 436 [56 N.E.2d 839], and the Supreme Court of Michigan in *Meyer* v. *Unemployment Comp. Com.*, 311 Mich. 440 [18 N.W.2d 886, 159 A.L.R. 1195].

These cases hold that an employer, not liable to an unemployment tax, on remuneration paid to an employee in excess of $3,000 within a calendar year, is entitled to have taken into account wages paid during the calendar year to an employee by his predecessor to whose business the employer has succeeded. The meaning of the term "employing unit or employer" as used in the statute is that these terms refer to the unity of enterprise and are not concerned with the shifting of management or the legal form of the same enterprise.

A case involving the identical principle though on different facts was decided in accordance with the foregoing views by the District Court of Appeal of this state in *Cook* v. *Department of Employment,* 78 Cal.App.2d 308 [177 P.2d 634]. In this case the interest of the business which was owned by E. I. Crook prior to his death was, subsequent to his death, owned by Bertha D. Crook, but was operated by the executor of decedent's estate during the administration thereof. After the decree of distribution was entered, Bertha A. Crook operated her interest in the business as a partner with Wayne D. Crook. The ownership prior to and subsequent to the decree of distribution was in Wayne D. Crook and Bertha D. Crook. The court held that the assessment of a tax upon the theory that three separate entities were involved was illegal as applied to the partnership carried on after the death of one of the partners by the surviving partner and the decedent's widow, where no change in the operation of the business occurred after the decree of distribution of the deceased party's estate, and that there was no new entity as employer established.

The reasoning of the foregoing decision is sound, the result is equitable and it applies to the facts involved herein. The business acquired by plaintiff was wholly owned by Shelton A. McHenry and his wife. Also, they owned all the shares of its capital stock subsequent to plaintiff's acquiring the business in the same proportion as their ownership of the predecessor business.

There was likewise no change in the type or location of the business. Also the actual management was conducted by plaintiff in the same manner as it had been during the operation of plaintiff's predecessors. The identity of the business was carried on under the same name and was not altered or otherwise affected by the transfer. Therefore, there was no change in the employing unit.

In view of the foregoing the trial court erred in not awarding plaintiff judgment for the amount of the employer contribution which it had paid under protest, to wit, the sum of $277.43.

Second: *Did the trial court err in not allowing plaintiff interest upon the contributions erroneously collected by defendant from the date of payment of such contributions?*

*Yes.* Section 45.11(c) of the act, with respect to interest upon refund of overpayments, reads as follows:

"(c) Interest shall be allowed and paid only to the extent

that interest and penalties collected under this act are available therefor upon any overpayment of contributions at the rate of six per cent (6%) per annum from the date of overpayment to the date of the allowance of the refund or credit, provided, however that no interest shall be allowed if the commission determines that any overpayment has been made intentionally or by reason of negligence on the part of the employing unit.''

Section 45.11(d) reads in part as follows:

''In any such judgment [for contributions, interest or penalties erroneously collected], interest shall be allowed and paid only to the extent that interest and penalties collected under this act are available therefor, at the rate of 6 per cent per annum upon the amount of contributions found to have been illegally collected from the date of payment thereof to the date of such judgment.''

Clearly under the foregoing provisions of the act plaintiff was entitled to recover interest at the rate of 6 per cent from October 20, 1948, the date it made payments under protest, to and including the date of the judgment.

The judgment is reversed and the cause remanded to the trial court with instructions to enter a judgment in favor of plaintiff in accordance with the views expressed in this opinion.

Moore, P. J., and Fox, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 11, 1952.