[Civ. No. 8897.   Third Dist.   Nov. 2, 1956.]

RICHARD MACINTOSH et al., Respondents, v. DIRECTOR OF EMPLOYMENT, etc., Appellant.

Edmund G. Brown, Attorney General, Irving H. Perluss, Assistant Attorney General, and Vincent P. Lafferty, Deputy Attorney General, for Appellant.

Martin S. Stolzoff for Respondents.

McMURRAY, J. pro tem.*—This is an appeal from a judgment of the superior court of Sacramento which awarded respondents Macintosh the sum of $3,011.14 plus interest which represented unemployment insurance taxes paid by the respondents after an assessment by the Director of Employment.

This case involves the meaning of certain sections of the Unemployment Insurance Act as it was in effect during the calendar year 1950 and resolves itself into a question as to whether or not the amounts paid by a predecessor employing unit in reaching the $3,000 limit upon which wages are considered taxable under the Unemployment Insurance Act, might be tacked on by the successor employing unit.  Specifically,

*Assigned by Chairman of Judicial Council.

in this case a 1936 partnership consisting of four general partners was formed. The business was conducted under the name of "Macintosh Studio Clothes." In June of 1950, Walter Macintosh, one of the partners, died intestate, his wife succeeded to his interest, and his brother Richard acted as administrator of the estate which passed to Walter's wife. No change in the conduct of the business resulted from Walter's death nor did the partnership formally dissolve. The business was continued exactly as it had been before except that Walter was no longer a partner. The business had employed about 80 persons prior to his decease and the same number afterwards. Many of these employees earned over $3,000 during the year 1950. The partnership only paid unemployment insurance taxes on the first $3,000 paid to each employee during that year.

The Director of Employment made an assessment against the plaintiffs for the sum of $2,522.82, plus penalties, which sum was the tax alleged due from the successor partnership on the first $3,000 in wages paid by the successor to each employee during the year 1950. It was the Director of Employment's contention that after the death of Walter Macintosh, "Macintosh Studio Clothes" constituted a new employing unit and was liable for the tax on the first $3,000 of wages paid by it to each employee. The main question here is whether the death of this general partner resulted in such a new employer or employing unit as is contemplated by the tax statute. There can be little doubt that the death of Walter resulted in a new entity being created, but whether or not that entity is such as to constitute a new employing unit is the matter here for determination.

Section 11, subdivision (a) of the California Unemployment Insurance Act, 3 Deering's General Laws, Act 8780d, section 11, here under consideration, provided that contributions be made by employers to the defendant based on wages paid by the employer. The statute excluded from the definition of the term wages remuneration in excess of $3,000 paid to every individual by an employer in any calendar year. The cited section read in part:

"Except as hereinafter in the section provided the term 'wages' means:

"(1) All remuneration payable for personal services, whether by private agreement or consent or by force of statute, including commissions and bonuses, and the cash

value of all remuneration payable in any medium other than cash.

. . . . . . . . . . . . . .

"(c) If, when, and during such time as the definition of the term 'wages,' as contained in the Federal Unemployment Tax Act excludes from 'wages' any one or more of the following types of payments, then such type or types of payments as are so excluded shall likewise be excluded from the definition of wages as contained in subsection (a) of this section:

"(1) That part of the remuneration which, after remuneration equal to three thousand dollars ($3,000) has been paid to an individual by an employer with respect to employment during any calendar year is paid after December 31, 1939, and prior to January 1, 1947, to such individual by such employer with respect to employment during such calendar year; . . ."

Appellant urges that the mere change in entity is sufficient to require this court to hold that there was a change in the employing unit and in support of its position cites section 15031 of the Corporations Code which deals with the dissolution of a general partnership where the death of a partner results in the dissolution, and further relies upon the case of *State of California, Dept. of Emp.* v. *Fred S. Reynauld & Co.* (1950), 179 F.2d 605, where the federal court held that a successor corporation to a partnership, where the stock interest was the same as in the partnership, was a new employing unit for the purpose of the unemployment insurance tax. In this case the federal court did not consider as binding upon it two California cases decided by the superior court of San Francisco; *Barrett et al.*, v. *California Emp. Com.*, C.C.H. Unemployment Insurance Reporter, California, Par. 1205.116 (1945), and *California Emp. Com.* v. *Ransohoff, Inc., et al.*, C.C.H. Unemployment Insurance Reporter, California, Par. 1205.115 (1944), both of which cases held that successor entities were not new employing units but constituted a single employer. In the Reynauld case the court held that a partnership and the corporation which succeeded it were separate units and, as a reason for this construction, stated that it would facilitate administration of the Act. Thereafter, however, the case of *McHenry's Inc.* v. *California Emp. Stab. Com.*, 112 Cal.App.2d 245 [246 P.2d 76], was decided. In that case a husband and wife, each of whom had invested separate and community funds in a business subsequently incorporated the business, and stock was issued to each of them

individually. The business continued exactly as it had been before the incorporation except that the legal form had been changed. The court said that the terms "employing unit" or "employer" as used in the unemployment insurance statute refer to the unity of enterprise and are not concerned with the shifting of management or the legal form of the same enterprise. The court held that for the purpose of the unemployment insurance tax only one employer existed in the year the business was incorporated. At page 249 the court, in outlining certain aspects to be considered in determining whether or not a new entity arose, says:

"There was likewise no change in the type or location of the business. Also the actual management was conducted by plaintiff in the same manner as it had been during the operation of plaintiff's predecessors. The identity of the business was carried on under the same name and was not altered or otherwise affected by the transfer. Therefore, there was no change in the employing unit."

It is our opinion that in the instant case, as in the McHenry case, the only change made was one of form and not of substance. In both of these cases there was, it is true, a new legal entity, but this legal entity conducted the business in exactly the same manner as its predecessor. Only a change in the identity of one of the partners is here apparent, namely the widow of the deceased partner succeeding to his share. The change was one in form only and was not one of substance.

The judgment appealed from is affirmed.

Van Dyke, P. J., and Peek, J., concurred.